(No. 22502.—

PETER TERMAAT, Appellee, *vs.* CORNELIA TERMAAT,
Appellant.

*Opinion filed June 20, 1934—Rehearing denied October 10, 1934.*

ESTELLE M. WELLS, for appellant.

NATHAN SCHWARTZ, (J. NORMAN GODDESS, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Peter Termaat, appellee, and Cornelia Termaat, appellant, were married January 15, 1903. They appear to have lived together until either November 14 or 26, 1925, with the exception of a period of several months in 1922 and 1923. Termaat filed his original bill for divorce June 21, 1933, in the circuit court of Cook county. Appellant answered and filed a cross-bill asking for separate maintenance. Appellee answered the cross-bill and later filed an amended bill, whereupon she filed an answer thereto. The ground alleged in the amended bill for divorce was desertion. Termaat was granted a decree of divorce. By that decree it was ordered that Cornelia Termaat convey a

half interest in certain real estate to him, and he was ordered to pay $75 per month for her support until the further order of the court. Appellee was also ordered to pay $200 for the use of appellant's solicitor. This appeal followed.

It is not necessary to set out in detail the testimony given by the witnesses for either appellee in support of his charge of desertion, or appellant to establish her right to separate maintenance. In most of the material matters this testimony is contradictory. Appellant testified to several acts of cruelty on the part of her husband as well as to one act of adultery. During the trial her counsel expressly abandoned the charge of improper conduct on the part of appellee with his house-keeper, but in spite of this appellant made repeated references in her testimony to these supposed improper relations. The last supposed act of cruelty towards appellant occurred several months before she left her husband in November, 1925. The trouble between the husband and one son, which occurred about two weeks before the separation of appellant and appellee, did not involve appellant in any way, except, of course, to disturb her, since the occurrence was in their home.

The chancellor saw and heard the witnesses. The record shows that he displayed a proper interest in their testimony. Within proper limits he himself interrogated some of the witnesses. We cannot say that his findings as to the charge of desertion and the counter-charges in the cross-bill are against the weight of the evidence or that we should substitute our judgment for his.

We think the order for alimony and the division of the property was eminently fair to appellant, and that the solicitor's fee of $200 was all that the chancellor would have been warranted in allowing to appellant in view of the case presented. Termaat earned a gross income in his business as a private scavenger, of approximately $800 per month. His expenses of doing business amounted to

slightly more than $600 per month. The two sons who lived with appellant paid her $14 a week for their board. The order for $75 per month as alimony to appellant gives her nearly one-half the net income of appellee from his business. It appears that he had other property, but the income from it is not shown.

The testimony shows that the real estate mentioned in the decree was bought by appellee and paid for out of his earnings. There is some testimony to support appellant's claim that she loaned $200 to appellee before their marriage which was used in the purchase of the business and property, but whether this was re-paid, as claimed by appellee, or not, all that appellant did in addition was to manage the household and answer the telephone whenever there were calls at their home. She made no other contribution towards the property. Title to this was first taken in the names of the husband and wife as joint tenants. On December 13, 1918, they conveyed the property to her through a mere conduit of title, and, for aught that appears, thereafter they treated this property the same as they had previously.

Appellant claims that the rule applies here that a gift is presumed where a husband places the title to real estate in his wife. This contention is answered by what we said in *Gilbert* v. *Gilbert,* 305 Ill. 216: "Under the evidence the only possible equity that appellee had in any of this property or money was the bare fact that as wife she may have assisted in accumulating the property. None of it was ever obtained by her, so far as the record shows, with her money, or by appellant with any of her money or the proceeds of sales of any of her separate property. * * * If there is property held by one of them which has been accumulated by the joint efforts of the two or by the funds of both, then such property should be divided according to such equity as exists between them. If either party has by gift been invested with property acquired entirely by the

one making the gift, then the court may properly re-vest the title in the party making the gift, without regard to the question of the gift being voluntary or otherwise, or make an equitable division between them."

Appellant has failed to show any just cause for complaint against the decree of the trial court. It is therefore affirmed.

*Decree affirmed.*