(No. 25883.—

JULIA BISSETT, Appellee, *vs.* EARL BISSETT, Appellant.

*Opinion filed February 14, 1941.*

552

FREEMAN & FREEMAN, (EARL FREEMAN, of counsel,) for appellant.

JOSEPH H. and NORMAN BECKER, and RALPH RUNDELL, for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellee, Julia Bissett, obtained a decree of divorce in the circuit court of Cook county against appellant, Earl Bissett, upon the ground of cruelty. At the time the divorce was granted title to the home in which they lived stood of record in the name of both parties as joint tenants. Prior to the granting of the divorce appellant had turned over an automobile to appellee. In lieu of alimony, the court decreed that the interest of appellant in the real estate and the automobile should be conveyed to appellee. Appellant

appeals from this portion of the decree, and since this involves a freehold the appeal properly comes directly to this court.

Appellant claims that, under the facts in this case, appellee had no special equities that entitled her to the conveyance of the husband's interest in the real estate, and claims, also, that the facts disclose he should be reinvested with the portion of the title standing in the name of appellee. While the decree awarding the divorce is not appealed from, the facts shown upon that issue have a bearing upon the equities of the parties to this appeal.

The evidence shows the parties were married on September 28, 1939. Three days prior to the marriage appellant purchased a house and lot from the mother of appellee for the sum of $4250, all of which money was furnished by the appellant. A deed was made and executed by appellee's mother on September 26, 1939, conveying the property to appellee and appellant as joint tenants. A short time after the marriage the parties moved into this property as their home. The mother and a brother of appellee also made it their home, and shortly before the suit for divorce was started another relative was preparing to move into the house. The evidence on behalf of appellee tends to show the appellant had been guilty of extreme and repeated cruelty. On cross-examination, appellant attempted to show misconduct upon the part of the wife as tending to refute her claim she had been a true and faithful wife, but this he was not permitted to do. His own testimony, corroborated to a certain extent by disinterested witnesses, showed appellee was in the habit of getting intoxicated and remaining away from home all night. Appellee did not refute all these charges, but the court found that appellee was entitled to a decree of divorce upon the ground above mentioned.

After the announcement a decree of divorce would be awarded, a hearing was had with respect to the question

of alimony. On this question it developed that the purchase price had been delivered to the mother and a deed was prepared making appellant and appellee joint tenants. Appellant denied he gave instructions to this effect. Appellee and her mother testified to the contrary, but they also testified to details of the execution of the deed which are not corroborated either by the person who they claimed made the deed or the notary who took the acknowledgment. Appellee claims that the conveyance in part to her was a gift. The divorce proceedings were started about three months after the marriage. A short time before the divorce, appellee left appellant and as an inducement for her to resume marital relations he turned over to her a Plymouth automobile, but appellee refused to live with him or to return the car. The evidence shows that appellant was possessed of considerable property and money and earnings sufficient to pay reasonable alimony.

In awarding the husband's part of the real estate and the automobile to appellee the court found the husband had made a gift of the part interest to his wife, and that in order to avoid partition proceedings and other things which might be done to destroy the value of the undivided interest, that she should have all of the real estate in lieu of alimony of any kind.

The question presented in this case is whether, under section 17 of the Divorce act, (Ill. Rev. Stat. 1939, chap. 40, par. 18,) the court had the power to order this conveyance, and whether, under the facts in the case, he should not have reinvested the title standing in the name of appellee, together with the automobile, in appellant and made provision for alimony, if it was found that appellee was entitled thereto. Section 17 of the Divorce act, *supra,* provides: "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance

thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

The general rule in this State is that in a divorce proceeding the court will not transfer to the wife, who has prevailed in the suit, the fee simple title to real estate of which the husband is seized, unless the wife shows special equities which would justify it. (*Byerly* v. *Byerly,* 363 Ill. 517.) Where the wife makes no contribution to the acquiring of real estate a conveyance to her upon a divorce is not justified, except only in cases of special equity. (*Lipe* v. *Lipe,* 327 Ill. 39.) The usual and proper practice, unless special circumstances justify a different course, is to give the wife an allowance, under the control of the court, and not vest the fee of real estate in her. A claim that arises from the marriage relation, alone, is not sufficient. (*Meighen* v. *Meighen,* 307 Ill. 306.) Where special equities are claimed, justifying the conveyance of the husband's property to the wife, the special circumstances must be alleged in the complaint and established by proof. (*Geisler* v. *Geisler,* 336 Ill. 410; *Lewis* v. *Lewis,* 316 id. 447.) Where there has been contribution made by the wife, or a gift or voluntary conveyance made to her by the husband, the rule is stated as follows: "If the wife or husband has property in his own name, acquired solely by him and in his own right and to which the other has not in any way contributed, then it is the right of that party to remain vested with such title. If there is property held by one of them which has been accumulated by the joint efforts of the two or by the funds of both, then such property should be divided according to such equity as exists between them. If either party has, by gift, been invested with property acquired entirely by the one making the gift, then the court may properly revest the title in the party making the gift, without regard to the question of the gift being voluntary or otherwise, or make an equitable

division between them." (*Gilbert* v. *Gilbert,* 305 Ill. 216, 222.) The rule in that case is approved in *Termaat* v. *Termaat,* 357 Ill. 472.

Appellant bought and paid for the property in cash before he received a deed. It was purchased from the mother of appellee. The mother and appellee claim that they were directed to have the deed prepared with Earl Bissett and appellee grantees as joint tenants, and that appellant accompanied them to a scrivenor to prepare a deed. Appellant denies this, and LaSalle J. De Michael, the man who appellee claims prepared the deed, denies he had anything to do with it. Likewise the notary who acknowledged the deed contradicts certain testimony of appellee, and says the deed was brought to her for acknowledgment by appellee instead of her mother. Without any specific directions given by appellant the deed of conveyance should have been made to Earl Bissett, as he furnished all of the consideration. Appellee did not contribute anything to the purchase of the property, and, so far as the evidence shows, no property of hers was used during the continuance of the marriage relation.

The relationship lasted about three months, during most of which time two or more of the relatives of the wife were living in the home. The evidence shows appellant had considerable money on hand and other property, and has enjoyed a good income. Under such a showing, no necessity existed for the court to refuse to fix alimony, and no special equities requiring the conveyance of the husband's property to the wife. The complaint does not allege any special equities and none were shown, and the reason given by the court for ordering the conveyance was that it was done to avoid partition proceedings which might destroy the value of the one-half interest claimed to have been made as a gift to Mrs. Bissett. If this was a ground for ordering a transfer of title it would apply with equal

force as a reason for a retransfer from the wife to the husband.

Whether the joint interest standing of record in the name of appellee was procured in disregard of the directions of the appellant or was made as a gift, as claimed by appellee, is immaterial, as it is clear it would not have been made except for the contemplated marriage, and the husband still remains the equitable owner of the property in case of a dissolution of the marriage. *Gilbert* v. *Gilbert, supra; Termaat* v. *Termaat, supra.*

The evidence shows without dispute that after the appellee had separated from appellant, as an inducement for her to return and resume marital relations, appellant turned over to her a Plymouth automobile, which she retained without ever going back to the home. It is urged that the rule applying to transfers of real estate does not apply to personal property. The statute does not make this distinction, and in *Litwin* v. *Litwin,* 375 Ill. 90, under similar circumstances, the court ordered the return to the husband of personal property.

Under the facts in this case it was error for the court to order a transfer of the one-half interest of the husband to the wife, and error for the court to refuse to cause to be reconveyed to the husband the interest conveyed to the wife immediately before the marriage, and in not requiring the return of the Plymouth automobile turned over to her as an inducement to resume marital relations.

The decree of the circuit court of Cook county is reversed in the foregoing respects and the cause is remanded, with directions to proceed in a manner not inconsistent with the views expressed herein, and to consider and determine the amount of alimony, if any, to be awarded to appellee. *Reversed and remanded, with directions.*