(No. 31078.—

Doris L. Sykes, Appellee, *vs.* Alex P. Sykes, Appellant.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

HARRY FAULKNER, of Granite City, for appellant.

JESSE R. BROWN, of Edwardsville, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Doris L. Sykes, the appellee here, filed a suit for divorce in the city court of Granite City against Alex P. Sykes, the appellant. The complaint charged the appellant with extreme and repeated cruelty and asked that an injunction issue restraining and enjoining the appellant from interfering with appellee, either at her home or place of business. On hearing, a temporary injunction issued. Appellant filed an answer denying the allegations of extreme and repeated cruelty and also a counterclaim asking for an accounting and an adjustment of property rights. On motion, the counterclaim was stricken and appellant filed an amended answer setting forth property rights, a partnership, and further interests in the real and personal property standing in the name of appellee. In reply the appellee denied all the affirmative allegations of the amended answer.

After a trial before the court she was awarded a decree of divorce on the ground of extreme and repeated cruelty, and a further finding was made that she was the sole and exclusive owner of all the property standing in her name, with the exception of a one-half interest in an automobile and a one-half interest in some government bonds, which property was owned by the parties jointly.

It is conceded that the only questions presented by this record are whether the finding of the trial court that the defendant was guilty of extreme and repeated cruelty, and the findings as to property rights set forth in the decree, are against the manifest weight of the evidence.

The parties were married on December 25, 1940, and lived together as husband and wife until August 6, 1948.

Appellant was 45 and appellee 39 years of age at the time of the trial. No children were born of the marriage. It was appellant's first venture into matrimony and the second marriage for appellee.

The testimony shows and the appellant admits that on two different occasions, namely, December 6, 1947, and August 6, 1948, he struck appellee several times in anger, blacking her eye and bruising her face and arms, and the proofs do not show any sufficient cause or provocation for such behavior.

There was evidence of further mistreatment of appellee from other witnesses, which appellant denies. We do not believe a detailed recitation of the facts concerning the charge of extreme and repeated cruelty would be helpful to this opinion.

While there was a large amount of proof introduced, it is our judgment, from an examination of the entire record, that we are unable to say the decree of the court finding appellant guilty of extreme and repeated cruelty is against the manifest weight of the evidence.

We gather a definite impression from the testimony that the main point in controversy between the parties, since their separation, is the division of the property or the findings of the decree settling property rights.

Appellant contends that he has an equitable interest in the real estate and personal property now standing in the name of appellee on two grounds: first, that it is a partnership, and second that the property was accumulated by the joint efforts and earnings of both husband and wife. It is the position of appellee that no partnership ever existed and that appellant during all the period of their married life merely worked as an employee for appellee.

The history of their business relations from date of marriage to final separation reveals the following facts about which there is little dispute. Both parties were residents of Granite City. At the date of marriage, December

25, 1940, the appellant was employed by General Steel Castings Corporation, earning, according to his own testimony, the sum of 85 cents per hour and working five or six days a week. Copies of his individual income-tax returns disclose that in 1938 his gross earnings were $625; in 1939, $1446.60; in 1940, $1165.13. In November, 1941, he quit his employment and joined his wife at the Illinois Cleaners. For the years 1941 and 1942, the parties filed joint personal income-tax returns as husband and wife, but nothing in those joint returns indicated a partnership or a partnership return. Subsequently, individual returns were filed. For the year 1943, the income-tax return filed by Alex Sykes listed the Illinois Dry Cleaners as his employer and his earnings at $1996.18; for the year 1944, earnings $2258.07; for 1945, earnings $2988.42. Each year a withholding tax was paid by the Illinois Cleaners in his behalf. In all the schedules showing employer's report of taxable wages, Alex Sykes was listed as an employee. The income-tax returns filed by appellee subsequent to 1943 represented her to be the owner and operator of the Illinois Dry Cleaners.

Before the marriage, the appellee proved by bills of sale and record evidence that she had gradually acquired complete title to the property of the Illinois Cleaners, and to a home, subject to certain indebtedness. She also showed that she was thoroughly experienced in, and had expert knowledge of, the business in which she was engaged. For the first four years after the marriage, Alex Sykes joined the union and drove a truck for Illinois Cleaners. Thereafter he changed and performed general services on the inside of the plant. On the day, August 9, 1948, that Alex Sykes left the Illinois Cleaners permanently he removed and appropriated to himself from the cash register the sum of $230 and a $38 check previously cashed by him. He also took possession of the automobile owned jointly by the parties.

There is no question but what the assets of Doris Sykes and the Illinois Cleaners between the years 1940 to 1948 grew and prospered until the aggregate gross value is estimated to be between $45,000 and $60,000. We think there is slight evidence to show that this increase was the result of any unusual services performed by appellant. All of the real estate has been carried in the name of Doris Sykes. All money was handled by her and all checks signed by her. She has operated as the sole and exclusive owner, and her testimony to that effect is supplemented and supported by deeds, contracts and other written evidence. There is no proof that she ever recognized or held out her husband to be a partner in the business or to have any other interest save as an employee. This conclusion is corroborated by the substantial weight of the testimony.

The appellant insists that a married woman may make a contract of partnership with her husband and that the existence of a partnership may also be implied from circumstances, relying on the holding of this court in *Heyman* v. *Heyman,* 210 Ill. 524. In that case it was conclusively shown that both husband and wife had taken responsible parts in the management of the business. For a number of years the business was carried on in the name of "S. Heyman & Co." and the husband had frequently referred to his wife as a partner. These facts, together with the furnishing of capital by the wife, the dominant management of the business for a number of years by the husband and other joint undertakings, justified the chancellor in holding in that case that a partnership existed, and that under section 17 of the Divorce Act each party was the owner of a one-half interest in the property in controversy.

We have often stated the rule in this State to be, as expressed in *Podgornik* v. *Podgornik,* 392 Ill. 124, that under section 17 of the Divorce Act, "the court, in a divorce action, may compel the conveyance of property held by one party which, in equity, belongs to the other,

and may adjust the equities of the parties in any property owned by them jointly. In order, however, to warrant the court in directing the conveyance of property belonging to one, to the other, there must be special circumstances and existing equities justifying the conveyance and such special circumstances and equities must be alleged in the complaint and established by the proof." *Bissett* v. *Bissett,* 375 Ill. 551; *Byerly* v. *Byerly,* 363 Ill. 517.

We feel that the appellant has failed to show by competent testimony that any business partnership existed between himself and the appellee in this case, or that he has proved special equities which would justify a court of equity ordering a conveyance or transfer to him of any share in the property or real estate of the appellee.

The decree of the city court of Granite City, awarding a divorce to the appellee and finding and settling property rights between the parties, is, therefore, affirmed.

*Decree affirmed.*