Lillian Rardin, Appellee, v. Robert L. Rardin, Appellant.

Gen. No. 44,649.

Opinion filed November 16, 1949. Rehearing denied December 14, 1949. Released for publication December 14, 1949.

WILLIAM C. BOYDEN and BENJAMIN B. DAVIS, both of Chicago, for appellant; JOHN S. JONES and JOSEPH W. BAER, both of Chicago, of counsel.

ZEAMORE A. ADER, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Lillian Rardin and Robert L. Rardin were married at Evanston, Illinois, on August 24, 1935. Two children were born of the marriage, namely, Robert, on February 29, 1936, and Joanne on March 30, 1938. On October 31, 1945, Lillian filed an amended complaint for divorce in the superior court of Cook county, charging extreme and repeated cruelty. On November 16, 1945, an order was entered directing defendant to pay for temporary alimony and child support $70 on the first and fifteenth of each month, for the coal and taxes on the real estate where she resides, and a temporary

attorney's fee of $150. Thereafter, plaintiff filed a petition for an increase in alimony and support money for the children, which was referred to a master in chancery to take testimony and report his findings and recommendations. Before the hearing on this petition was completed, and on October 23, 1946, a decree for divorce was entered on the ground of cruelty. The decree awarded the care, custody and education of the children to plaintiff, with the right of defendant to reasonable visitation, and enjoined him from encumbering, selling, conveying, transferring or otherwise dealing in any of his securities or other property, until the further order of the court. The decree further ordered that the questions of alimony, support money for the children, property rights, attorney's fees, expenses and costs be reserved, and for the purpose of aiding the court in determining the questions the cause was referred to a master in chancery to take evidence and report his findings and recommendations. The master made findings and recommendations in favor of plaintiff. Objections to the master's report were permitted to stand as exceptions. The chancellor overruled the exceptions and entered a decree substantially as recommended. Defendant appeals.

The decree found that the parties own as tenants in common, free and clear of any encumbrances except general real estate taxes, a 5 room, 1½ story brick residence, at 1319 Dobson street, Evanston, Illinois, awarded possession to plaintiff and the children to the exclusion of defendant, and directed that neither party sell or encumber the premises until the "eldest" child attains his majority, or until the further order of the court. The court found that since the separation plaintiff and the children resided in the premises; that continued residence therein by them is necessary and proper; and that the premises should be preserved as a home for them. According to the testimony this real

estate is valued at $17,000. The court awarded plaintiff full title to the household furniture and furnishings in the premises. The decree also found that defendant is a beneficiary in a trust; that the approximate value of the corpus of the trust is $160,000; that defendant is receiving one quarter of the income; and that defendant, on the death of his mother, Ethel S. Rardin, and on attaining the age of 40 years, will receive one half of the total corpus of the trust. The court found that defendant has a personal vested interest in the corpus of the trust to the extent of one fourth of the total corpus, which interest is of the present approximate value of $40,000. The decree awarded to plaintiff as ''alimony in gross'' one half of the vested one-fourth share of the corpus of the trust and directed that such share be paid over to her. The trust had been established by the will of defendant's father for his widow and two sons.

The court further found that defendant owns certain securities from which he receives as income $84.50 a month, that plaintiff aided in the ''preservation and increment of the securities'' during the marriage, and that the present ''worth'' of the securities is $23,385. The court decreed that these securities be sold and that from the proceeds all costs, fees, court reporter's charges, attorney's fees and miscellaneous expenses be paid; that the balance be divided into two equal parts; that one portion be immediately paid to plaintiff ''as a part of her property rights and award herein''; that from the other portion there be paid all real estate taxes, interest and penalties assessed or accrued against the real estate, all accrued medical expenses for medical attention to plaintiff and the children, $100 to plaintiff for decorating and repairs of the residence, $425 in pursuance of her petition filed on October 19, 1946; and that the balance be paid to defendant. The decree, after finding that defendant's

total monthly income was $394.54, ordered him to pay all past, present and future real estate taxes on the residence averaging about $180 annually, $100 annually for decorating and repair of the residence, $425 as a retroactive lump sum increase in alimony, $3,500 for her attorney's fees, $149.58 court costs, $231.15 court reporter charges, $630.50 master's fees, $100 monthly child support and $65 monthly alimony.

Plaintiff, relying on sec. 18 of the Divorce Act (par. 19, ch. 40, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.186]) under which alimony may be awarded, states that upon a consideration of all the facts and circumstances of the case, the provisions of the decree should be sustained. The law is well settled in this State that a decree adjudicating alimony and property rights may award to the wife property of the husband only when authorized by statute and only by virtue of the existence of special circumstances and special equities in favor of the wife. The existence of the marriage relation alone is wholly insufficient to authorize a conveyance of property belonging to one, to the other. See *Anderson v. Anderson,* 380 Ill. 435; *Podgornik v. Podgornik,* 392 Ill. 124; *Bissett v. Bissett,* 375 Ill. 551; *Giesler v. Giesler,* 336 Ill. 410; *Lewis v. Lewis,* 316 Ill. 447; *VonGlahn v. VonGlahn,* 46 Ill. 134. There are no facts in the record establishing any special equities or circumstances to justify the awards of property. The trust was established under the father's will. The plaintiff has no conceivable equity therein. The securities were in a large measure inherited by defendant from his father. Further accretions thereto were made by way of occasional gifts from his mother. None of these securities or the funds by which they were purchased were contributed by the plaintiff. In applying the rule that no award of property can be allowed pursuant to sec. 17 of the Divorce Act (par. 18, ch. 40, Ill. Rev. Stats. 1949 [Jones Ill. Stats. Ann. 109.185])

in the absence of existing special equities and circumstances, no distinction is made between real estate and personal property. *Bissett v. Bissett,* 375 Ill. 551.

■ ■ We agree with defendant that special equities must exist as a condition precedent to an award of alimony in gross to the same extent as in cases of property adjudications, and the existence thereof must be alleged in the complaint and established by proof. We have carefully read the testimony and exhibits and cannot find that she established any special circumstances or equities entitling her to the property of defendant as alimony in gross. Our courts have stated that the ordinary and better method of awarding alimony is by periodic allowances payable at such intervals as may best suit the convenience of the husband and meet the demand of the wife. In *Martin v. Martin,* 195 Ill. App. 32, the court said (p. 35):

"If the wife has no other claim than that which arises from the existence of the marriage relation, an allowance payable in the method stated, and which remains within the control of the court to increase or diminish from time to time as shall appear reasonable and equitable, is the proper mode of granting alimony." Citing cases.

In our opinion, in the absence of an agreement of the parties, special equities must exist as a condition precedent to an award of alimony in gross to the same extent as in cases of property adjudications.

■ Plaintiff asserts that defendant cannot question the decree as he has not brought to this court all of the facts considered by the chancellor. There is no merit in this contention. Defendant urges that the fees awarded to plaintiff's counsel are excessive. The decree awarded $3,500 attorney's fees to plaintiff's counsel and in addition thereto approved a further arrangement between plaintiff and her attorney. Plain-

73

tiff's attorney is entitled to reasonable compensation. In our opinion, the record supports the action of the chancellor in awarding attorney's fees. The arrangement between plaintiff and her attorney as to his fees was not an issue in the case. Defendant is not concerned with that arrangement. Should any effort be made to require the defendant to bear any part of the amount agreed upon between plaintiff and her attorney, not included in the decree, then defendant would have a right to be heard. Plaintiff and her attorney are satisfied with the fees awarded by the court and defendant cannot be charged with any additional fees for services covered by such award.

■■ Defendant also complains of that part of the decree awarding an outright transfer to plaintiff of his interest in the household furniture and furnishings. We do not find in the record any evidence of special equities or circumstances authorizing a transfer of the title of these chattels to plaintiff. We do not find any fault with that part of the decree allowing the wife and children to occupy the Dobson street house during the minority of the children or until the further order of the court. The chancellor may allow the wife and children the exclusive use of the furniture and furnishings until the further order of the court. All provisions of the decree, except those criticized, appear to be unobjectionable.

For the reasons stated the decree of the superior court of Cook county is reversed and the cause remanded for further proceedings not inconsistent with the views expressed.

*Decree reversed and cause remanded with directions.*

LEWE, P. J., and KILEY, J., concur.