(No. 19524.—

AGNES GIESLER, Defendant in Error, *vs.* ARTHUR GIESLER, Plaintiff in Error.

*Opinion filed October 19, 1929.*

FREDERICK MAINS, for plaintiff in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of DuPage county rendered a decree of divorce in favor of Agnes Giesler against Arthur Giesler for extreme and repeated cruelty. By the decree he was ordered to convey to her three lots which he owned in Hinsdale, to deliver to her the household furniture which they had used in housekeeping, to pay her $125 attorney's fees and $12 a week for the support of herself and their three-year-old child, whose custody was awarded to her. The defendant has sued out a writ of error and has assigned

errors on the record questioning the decree only so far as it required him to convey to the complainant the lots in Hinsdale which he owned. The bill made no allegations in regard to property owned by the defendant and did not seek any equitable relief with reference to it. The prayer was for a divorce, the custody of the child, a decree for such sums of money as the court might deem necessary and proper for the maintenance of the complainant and child and the payment of a sufficient sum to enable her to employ counsel, for a writ of *ne exeat,* and for general relief.

The answer denied the charge of extreme and repeated cruelty and the right of the complainant to relief. On a hearing concerning alimony it appeared that the defendant was employed in the postal service at a salary of $135 to $140 a month for his services, including the use of an automobile, which he furnished, his net earnings being about $120 a month. He had the furniture which had been used in keeping house, which was worth about $250 or $300, and owned five shares of stock of the Durant Automobile Company for which he had paid $100, and the three lots in Hinsdale which the decree required him to convey to the complainant, and no other property. He bought the lots for $400 about two years before the trial and they were worth $500 at the time of the trial. They were unimproved, adjoining one another, constituting together a tract seventy-five feet in width.

Ordinarily a decree for alimony should not vest the fee of the husband's real estate in the wife except under special circumstances which justify it. (*Ross* v. *Ross,* 78 Ill. 402; *Robbins* v. *Robbins,* 101 id. 416; *Shaw* v. *Shaw,* 114 id. 586.) Where no contribution has been made from the wife's means to the acquisition of the property, the court would not be justified, upon granting a divorce to her, in decreeing the title of the husband's land to her except in cases of some special equity arising out of the particular facts in the case. (*Wilson* v. *Wilson,* 102 Ill. 297; *Cham-*

*pion* v. *Myers,* 207 id. 308.)  Where such special equity does exist the power of the court to render such a decree is well established.  (*Lipe* v. *Lipe,* 327 Ill. 39.)  Under section 17 of the Divorce act the court may compel a conveyance of property held by one party belonging to the other. Such relief, however, based upon the special circumstances which make it equitable, can be granted only in accordance with the allegations of the bill showing the special circumstances which justify it, sustained by proof.  (*Lewis* v. *Lewis,* 316 Ill. 447.)  The bill made no allegations with reference to property owned by the plaintiff in error and asked no relief in regard to it.

The decree of the circuit court was therefore erroneous in requiring the plaintiff in error to convey his real estate to the defendant in error, and in that respect it will be reversed.  In all others it is affirmed.

*Reversed in part and affirmed in part.*