Myrtle A. Kohl *et al.* Appellees, *vs.* Thomas A. Montgomery *et al.*—(Charles T. Watkins, Appellant.)

*Opinion filed February 21, 1940.*

W. B. McBride, for appellant.

Edward E. Adams, James A. Merry, and John E. Hogan, for appellees Myrtle A. Kohl *et al;* Arthur Yockey & Ellen M. Yockey, for other appellees.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal by Charles T. Watkins, named in the cause a defendant, from a decree entered in a proceeding for the partition of certain lands, the same being a 60-acre tract in Christian county.

The facts as set up by the complaint, and not denied, are that this 60-acre tract of land was left by one Levi Montgomery to his widow, Jane Montgomery, for life, with remainder to six children, one of whom was Effie J. Wat-

kins, wife of the appellant Charles T. Watkins. The mother and the other five children joined in a warranty deed of all their interest in this 60-acre tract to Effie J. Watkins and Charles T. Watkins, her husband, "for and during their natural lives and to the survivor of them for and during the natural life of such survivor, with remainder in fee to the child or children born of the body of Effie J. Watkins; and in case said Effie J. Watkins leaves no child her surviving, then the remainder in fee to" the children of Montgomery who were grantors in the deed to Effie Watkins. This deed was made as a property settlement in the Levi Montgomery estate and represented Effie J. Watkins' interest in that estate. Thereafter, Effie Watkins, on March 13, 1913, obtained a divorce from her husband, the appellant, on the ground of adultery, and the chancellor in the decree for divorce ordered, adjudged and decreed "that all the rents, incomes and accumulations and all right, title and interest that the defendant, the said Charles T. Watkins, has in the following described real estate, to-wit: [describing the 60 acres] be, and the same is hereby vested in the complainant, the said Effie J. Watkins, for and during her natural life" with remainder in fee, as provided in the original deed to Effie J. Watkins and Charles T. Watkins.

Further facts are that, later, Effie J. Watkins married Harry H. Wagner and died testate on August 21, 1938, leaving surviving her husband, her brothers and sister or their descendants, as her only heirs-at-law, no children having been born to the said Effie J. Watkins, later Wagner. By her will she devised to her then husband the undivided one-sixth interest in the premises in question, which she inherited from Levi Montgomery, her father. The amended complaint alleges that Wagner owns one-sixth of the 60 acres and that Effie J. Watkins' five brothers and sister or their assigns or representatives are each entitled to an undivided one-sixth part of the premises, and prays partition.

Appellant filed a separate answer admitting that the warranty deed was executed as alleged; that Effie J. Watkins obtained a divorce from him and that the decree of divorce contained the provisions as set out in the amended complaint, but averred that, by reason of the fact that no child had been born to Effie J. Watkins, appellant was entitled to and is the owner of the life estate in the whole of the premises, and that appellees are owners of the fee subject to the life estate of appellant, Charles T. Watkins. The facts were stipulated by the parties and, upon a hearing, the court rendered a decree granting partition as prayed in the amended complaint and finding appellant had no interest in the premises. A freehold being involved, an appeal has been taken directly to this court.

Appellant contends that the warranty deed referred to in the complaint granting five-sixths of the premises in question "to Effie J. Watkins and Charles T. Watkins for and during their natural lives and to the survivor of them for and during the natural life of such survivor," conveyed to appellant not only a life estate in said five-sixths in common with Effie J. Watkins but also a contingent remainder, for life, in said five-sixths which would vest in him if he survived the death of said Effie J. Watkins, and that the court, in rendering the divorce decree, had no jurisdiction or power to convey or order the sale of the said contingent remainder.

Appellees argue, first, that the court granting a divorce may properly decree that the wife shall be vested with the title to real estate belonging to the husband in order to effect an equitable and fair adjustment of the property rights of the parties; second, that the court, in the divorce proceeding, having had jurisdiction of the subject matter and the parties, its decree vesting the title to the property in question in Effie J. Watkins, is not subject to collateral attack; third, that the estate granted by the warranty deed, which conveyed the property to Effie J. Watkins and Charles T.

Watkins, conveyed a joint tenancy and not a tenancy in common, and there was no contingent remainder to the survivor; fourth, that even if appellant acquired a contingent interest by the deed, such was subject to forfeiture through his misconduct, and lastly, that appellant must come into equity with clean hands, which he does not do since he was the one at fault in the divorce proceeding.

The decree for divorce was entered on March 13, 1913, by the circuit court of the county of Christian, the same county in which the 60-acre tract in question is located. As shown by the decree the defendant in the divorce proceeding, Charles T. Watkins, could not be found in the State and was not personally served with process, but was served with notice by publication and mailing pursuant to statute, and failing to answer was defaulted. The decree found that at the time of the marriage defendant had no property, real or personal; that complainant had about $1000 in personal property; that after the marriage complainant's mother, brothers and sister conveyed to her their interests in the 60-acre tract in question by a family settlement of property. Other property was involved in the divorce proceeding but not here. The decree finds that the five-sixths of the 60 acres was purchased from Effie Watkins' family with her money and the entire 60 acres was, in fact, her share in the estate of her parents. The decree further found that complainant, by reason of the misconduct of defendant, was without means of support except by her own labor and was compelled to seek assistance from her friends and relatives.

The Divorce act provides that in a case where the wife is complainant in a divorce proceeding, the court may grant her both temporary and permanent alimony. (Ill. Rev. Stat. 1939, chap. 40, secs. 16-19.) Section 17 of said act provides that "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may com-

pel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

It has been held since the early decisions of this court, that, in decreeing a divorce, a court of equity has the power to assign as alimony to the wife, a part of the real estate of the husband. (*Stewartson* v. *Stewartson*, 15 Ill. 145; *Wheeler* v. *Wheeler*, 18 id. 39; *Bergen* v. *Bergen*, 22 id. 187; *Jolliff* v. *Jolliff*, 32 id. 527; *Armstrong* v. *Armstrong*, 35 id. 109). So far as appears in those cases the decrees were by personal service on defendant. The doctrine there announced has been followed and frequently declared by this court in later decisions. *Wilson* v. *Smart*, 324 Ill. 276; *Engler* v. *Engler*, 313 id. 527; *Meighen* v. *Meighen*, 307 id. 306.

Ordinarily a decree for alimony should not vest the fee of the husband's real estate in the wife unless special circumstances justify it, (*Giesler* v. *Giesler*, 336 Ill. 410; *Lipe* v. *Lipe*, 327 id. 39; *Shaw* v. *Shaw*, 114 id. 586;) and where the wife has made no contribution to the acquisition of the property from her means, the court would not be justified, upon granting a divorce to her, in decreeing the title of her husband's land to her except in cases of some special equity arising out of the particular facts in the case. (*Lipe* v. *Lipe, supra; Champion* v. *Myers*, 207 Ill. 308; *Robbins* v. *Robbins*, 101 id. 416.) However, in the case before us, there were special circumstances which justified the granting to the wife, Effie J. Watkins, of her husband's interest in the property in question. (*Walz* v. *Walz*, 325 Ill. 553.) The 60-acre tract was acquired by Effie J. Watkins by a family settlement from her mother, brothers and sister. Watkins contributed nothing toward the acquisition of the property but, on the other hand, ran off with another woman, taking all available cash and leaving his wife without money or means of support. According to the decree, at the time of the divorce proceeding Watkins was a non-resident and was given notice of the proceeding by publication. The

property in question here was within the jurisdiction of the court.

The question of power of a court of equity upon granting a divorce to a wife, to decree that she be vested with the fee to property held by the husband, he being a non-resident but the property being in the State, was discussed in *Wilson* v. *Smart, supra.* In that case the wife filed her bill for divorce in Shelby county and the husband was notified by publication, he being a resident of Colorado. The decree granted the wife alimony, assessed the same in gross rather than installments and made it, and a sum for solicitor's fees, a lien upon the husband's one-fifth interest in 280 acres of land in Shelby County, ordered that if said amounts were not paid in sixty days, execution should issue and the husband's interest in the land in question should be sold at a sheriff's sale. Upon failure to satisfy the decree the land was sold to the wife, and a sheriff's certificate of sale issued, which certificate was not redeemed. Years later, upon being made a party to a partition suit, the husband contended that the action for divorce was merely an action *in personam* and that the court had no authority to direct that the decree for alimony be satisfied out of the defendant's real estate in the county. This court, in affirming the decree, said: "A purely personal decree in a divorce suit awarding alimony against a non-resident defendant who is notified of the proceeding constructively by publication and who does not appear is not binding upon him. (2 Bishop on Marriage, Divorce and Separation, sec. 79; Brown on Jurisdiction, (2d ed.) sec. 7; 2 Black on Judgments, (2d ed.) sec. 933.) Divorce proceedings are, however, in some aspects purely *in personam* while in others they are clearly *in rem.* (3 Freeman on Judgments, (5th ed) sec. 1427; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations, (6th ed.) sec. 1467.) In the strict sense of the term a proceeding *in rem* is one which is taken di-

rectly against property or one which is brought to enforce a right in the thing itself. The distinguishing characteristic of judgments *in rem* is that they operate directly upon the property and are binding upon all persons in so far as their interests in the property are concerned. (*Austin* v. *Royal League,* 316 Ill. 188.) Although a court is powerless to enter a personal decree based solely on constructive service of process against a non-resident defendant, yet it has power to deal with his property within the court's territorial jurisdiction. Substituted service by publication and mailing, or in any other authorized form, is usually sufficient where the object of the action is to reach and dispose of property, or of some interest in property, within the State. Such service may answer in all actions which are substantially proceedings *in rem.—Williams* v. *Williams,* 221 Ill. 541; *Bickerdike* v. *Allen,* 157 id. 95; *Cloyd* v. *Trotter,* 118 id. 391."

This court said, in *Lipe* v. *Lipe, supra*: "While declaring an equitable estate, interest or right of the plaintiff to exist, a decree could not operate, by its own intrinsic force, to vest the plaintiff with the legal estate, interest or right to which she was pronounced entitled. The decree was not itself a legal title, nor could it either directly or indirectly transfer the title from the defendant to the plaintiff. Though it might declare that the plaintiff was in equity entitled to the ownership of certain land of which the defendant held the legal title, the latter's voluntary act was necessary to carry a decree into execution, and if he refused to convey, the method of compelling his obedience was by attachment for contempt. The decree, of itself, did not convey the title. (1 Pomeroy's Eq. Jur. sec. 428; *Greaves* v. *Tofield,* L. R. 14 Ch. Div. 563.) The practice, in the absence of a statute, is stated in *Silver* v. *Ladd,* 7 Wall. 219; 'The most usual mode under the chancery practice, unaffected by statute, is to compel the defendant, in person,

to convey to plaintiff, or to have such conveyance made in his name by a commissioner appointed by the court for that purpose. In some of the States it is provided by statute that a decree of the court shall operate as a conveyance where it is so expressed in the decree, and additional relief may be granted by giving possession of the land to plaintiff, quieting his title as against defendants and enjoining them from asserting theirs.' We have no statute in this State providing that the decree of a court of chancery may operate as a conveyance of an estate, and the court has no power to vest the title in the appellee."

The 60-acre tract in question was in the county where the divorce proceedings were had, and, under the general rule, the circuit court of that county had jurisdiction over it, as in an action *in rem,* to subject it to the payment of alimony, and had power to award to Effie J. Watkins, as alimony, an equitable estate in her husband's interest in the 60 acres. The decree, however, ordered that Watkins' interest in the land "be, and the same is hereby vested in the complainant," etc.

The court had power, on substituted service on the default, to hold that because of complainant's claim for alimony she was entitled to, and in equity was the owner of, defendant's interest in the land, (*Wilson* v. *Smart, supra; Lipe* v. *Lipe, supra;*) and this we hold is the legal effect of that decree, but the decree did not and could not, without more, transfer the legal title. A decree declaring an equitable estate, interest or right of one party to exist in real estate, could not, in the absence of a statute so providing, operate by its own intrinsic force to vest complainant with the legal estate, interest or right to which she was held entitled. The decree is not itself legal title, nor could it either directly or indirectly transfer the legal title from the defendant to the plaintiff. It could, at most, declare that the plaintiff was in equity entitled to the ownership of lands to which the defendant held legal title.

Counsel representing the plaintiffs and defendants argue the question whether appellant's interest was contingent or vested, and the argument of appellee is that if it is a vested interest, as they contend it is, it may be divested by a decree of court, and appellant, on the other hand, argues that the interest which came to him on the death of Effie J. was contingent on his outliving her and was not subject to sale at the time the divorce decree was entered.

In numerous cases this court has said that a contingent remainder is not an estate but is merely the chance of having one. It cannot be levied upon by legal process nor can it be voluntarily conveyed by deed, though a warranty deed may transfer the title by estoppel after the happening of the contingency. (*Biwer* v. *Martin,* 294 Ill. 488; *DuBois* v. *Judy,* 291 id. 340; *Hill* v. *Hill,* 264 id. 219; *Aetna Life Ins. Co.* v. *Hoppin,* 249 id. 406; *Golladay* v. *Knock,* 235 id. 412; *Ducker* v. *Burnham,* 146 id. 9; *Walton* v. *Follansbee,* 131 id. 147.) But a contingent remainder is a valuable interest in land, (*Biwer* v. *Martin, supra,*) and is releasable to the reversioner or the life tenant in possession, and such release is valid to divest the contingent remainderman of his interest, (*Ortmayer* v. *Elcock,* 225 Ill. 342; *Williams* v. *Esten,* 179 id. 267; Kales, Estates, sec. 230;) and vest it in the life tenant. While a contingent remainder is inalienable to a stranger, as pointed out in the cases cited above, appellant's wife was not a stranger to the title; she was the life tenant in possession. Although appellant had, at most, a contingent life estate, it is clear from the decisions just cited that though it be conceded that appellant's interest is contingent, he could release that interest in the 60-acre tract to the other life tenant, Effie J. Watkins, or, the court could, on her behalf, declare that such interest, in equity, should belong to her as life tenant, for the reason that the interest, being releasable by his voluntary act, its release to her might, in a proper case, be compelled. But as the decree itself cannot convey title, and as no order has

been entered against him to convey and no conveyance made by him, nor a commissioner appointed to convey in his stead, he had never been divested of his legal interest in the property.

Appellees argue that the divorce decree cannot be collaterally attacked because the court had jurisdiction of the parties and the subject matter. The decree for divorce, it is true, cannot be collaterally attacked. The court had jurisdiction of the parties and jurisdiction to grant a divorce and make a property settlement. But, as has been pointed out, it had no power to convey the legal title to property. The decree, however, amounted, in law, to a declaration of equitable interest in complainant, in lieu of alimony, in appellant's interest in the 60 acres. Though contingent and not an estate, it was an interest in land, which, as we have seen, the court could declare should in equity belong to Effie Watkins. The portion of the decree for divorce purporting to transfer the legal title to appellant's life interest in the real estate in question to Effie J. Watkins, was beyond the power of the court to enter, and the chancellor in this cause erred in decreeing, on the basis of that transfer, that partition be had as prayed in the complaint, but, in the absence of an amendment of the pleadings by the holders of Effie J. Watkins' equitable interest, seeking to subject appellant's legal interest thereto and removing it as a cloud, should have decreed partition of the undivided five-sixths of the 60-acre tract in question, subject to the life estate of Watkins, appellant.

The decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.                                        *Reversed and remanded.*