(No. 29695.—

ANTHONY SKORONSKI, Appellee, *vs.* JULIA SKORONSKI, Appellant.

*Opinion filed November 20, 1946.*

IRVING B. CAMPBELL, of Chicago, for appellant.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellee brought suit for divorce against appellant in the superior court of Cook county on the ground of adultery. No other relief than divorce was sought. Appellant was personally served with process of summons and defaulted. Upon hearing in open court a decree of divorce was granted on the ground of adultery. In addition, the decree ordered appellant to convey by quitclaim deed all of her interest in certain described real estate to appellee within five days, and upon her failure to so convey a commissioner would be appointed by the court to execute the decree. Appellant appeals from that part of the decree ordering the conveyance of the real estate. Under similar

circumstances, we have held a freehold was involved giving us jurisdiction of a direct appeal. *Bissett* v. *Bissett,* 375 Ill. 551.

The complaint does not mention real estate. It does not state any facts concerning the character of the ownership of appellant in the real estate described, whether she was sole owner, tenant in common or joint owner. No allegations are contained showing appellee has any right to the property, or any circumstances authorizing a reconveyance to him, if he ever owned it, or owned a part of it. We have held repeatedly that in order, in a divorce case, to authorize the court to direct a conveyance of property from one party to the other, there must be special circumstances and existing equities to justify the conveyance, and such special circumstances and equities must be alleged in the complaint. *Podgornik* v. *Podgornik,* 392 Ill. 124; *Bissett* v. *Bissett,* 375 Ill. 551; *Giesler* v. *Giesler,* 336 Ill. 410; *Lewis* v. *Lewis,* 316 Ill. 447.

The only authority for the court to order any conveyance is under section 17 of the Divorce Act, (Ill. Rev. Stat. 1945, chap. 40, par. 18,) which, in substance, provides that the court may compel conveyance of property held in the name of the other if it shall appear to the court that either party holds title to what equitably belongs to the other. However, under this section we held that not only there must be an allegation in the complaint, but a decree cannot be rendered upon facts shown by the evidence, unless such facts are alleged in the complaint. *Giesler* v. *Giesler,* 336 Ill. 410; *Podgornik* v. *Podgornik,* 392 Ill. 124; *Czarnecki* v. *Czarnecki,* 341 Ill. 629.

Appellee has not filed a brief in this case. There is absolutely nothing in the record alleging any fact with respect to the real estate, or any ground whatsoever upon which appellee would be equitably entitled to have a conveyance made from appellant to him. No justification

whatever appears for an order of the kind contained in the decree.

The decree of the superior court of Cook county is accordingly reversed and the cause remanded, with directions to vacate that part of the decree which ordered the appellant to convey to appellee the property described in such decree.

*Reversed and remanded, with directions.*