(No. 30239.—

MINNIE E. KILLEBREW, Appellee, *vs.* CULVER KILLEBREW *et al.*—(CULVER KILLEBREW, Appellant.)

*Opinion filed November 20, 1947.*

EDWIN JOHNSTON, of Pittsfield, and LONDRIGAN & LONDRIGAN, of Springfield, for appellant.

GRAHAM & GRAHAM, of Pittsfield, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Minnie E. Killebrew filed her complaint in the circuit court of Pike County for divorce and relief against her husband, Culver Killebrew, hereinafter referred to as the defendant, charging extreme and repeated cruelty, and also claiming a certain equity and interest in real estate in said county, standing in the name of her husband. The court entered a decree granting plaintiff a divorce, and also ordering the defendant to convey to her certain land, and to pay to her a certain sum of money, and fixing alimony and attorney fees, all of which were made a lien

upon other lands of appellant. An appeal was taken to the Appellate Court for the Third District and, on motion, transferred to this court because a freehold is involved.

The complaint alleges she is a resident of Pike County; that her husband is a resident of Pike County, but is attempting to procure a divorce in Reno, Nevada, by a fraudulent claim of residence, to deprive her of her interest in the lands in Illinois; that the homestead consisting of forty acres and buildings was paid for from joint earnings, and that another tract of one hundred seventy-five acres was paid for by both parties; that plaintiff has done all of the work upon the first tract since the year 1923; that shortly before filing the bill of complaint the defendant conveyed all of said land to his brother, without consideration. The prayer of the complaint is for a divorce and alimony, and for allowance for work, and for $1400 of her own property taken and used by appellant; and that the deed of conveyance made to his brother be set aside; and for other relief.

Service of summons was had upon Douglas Killebrew and upon defendant by publication, as provided by statute. Defendant defaulted. Prior to the entry of the decree the brother reconveyed the land to appellant. Testimony was heard by the court, amply sustaining the charge of cruelty, and showing special equities of the wife in that the farms were paid for largely through her earnings. She worked in the fields; supported a family of several children; had extorted from her by her husband $1400, which she had inherited from her own family, while the testimony showed the husband declined to do any work whatsoever. The court entered a decree granting a divorce; allowed alimony of $60 per month, of which $30 was for the support of appellee and $30 for the support of two minor children, $234 for attorney fees, and costs.

The decree also ordered the defendant to convey to plaintiff the forty acres comprising the homestead, gave

her a lien on the one hundred seventy-five acres for the sum of $900, cash award, and for the alimony payments, and provided that if the defendant did not execute the deed to the forty-acre homestead, within sixty days the master in chancery was ordered to execute the same on defendant's behalf. The decree also provided that if the payments were not made execution should issue and a sale of appellant's property be made by the sheriff.

Appellant appeals only from that part of the decree awarding appellee the forty-acre homestead and the award of $900, and the lien securing the payment of the $900. Appellant claims that the decree ordering the conveyance of the forty acres is void and erroneous because the complaint does not seek to divest him of his title. The complaint, however, does allege that the property was purchased in 1923; that the plaintiff had done all of the farm work, including the planting, tending and harvesting of grain raised, and all of the livestock; built the fences and outbuildings, and supported the family, and in effect paid for the property, while the defendant declined to work on the premises. The complaint alleges all of this was worth $4600, for which she asks judgment. But, she also prayed that the premises deeded to the brother should be reconveyed, or, in case of refusal, reconveyed by an officer of the court.

It appears from the evidence, and is alleged in the complaint, that facts were proved which gave the appellee special equities, but the only prayer, aside from that for a money judgment, is for general relief. All the statute requires is that if it shall appear when a divorce is granted that either party holds title equitably belonging to the other, the court may compel conveyance thereof to be made upon such terms as it may deem equitable. (Ill. Rev. Stat. 1945, chap. 40, par. 18.) This section of the statute has been construed many times. (*Anderson* v. *Anderson,* 380 Ill. 435; *Bissett* v. *Bissett,* 375 Ill. 551; *Byerly* v. *Byerly,*

363 Ill. 517.) It is true that the court cannot convey the property by decree alone, as held in *Kohl* v. *Montgomery,* 373 Ill. 200, but in the present case the court did not so decree, but ordered the defendant to make the conveyance, and in case of his default for the master in chancery to make the deed in his stead. We reversed the decision of the circuit court in *Kohl* v. *Montgomery,* 373 Ill. 200, because there was nothing in the record except the order of the court attempting to transfer the property, but upon remandment of that cause the complaint was amended and a decree, substantially the same as herein, entered by the court, and sustained in *Kohl* v. *Montgomery,* 379 Ill. 579.

It appears that the plaintiff in her complaint asks for a money judgment, but the court having before it the complaint charging special equities, and the same being supported by evidence, had the power to grant the relief authorized by the statute, even though it is only covered by a prayer for general relief. The principle is aptly set forth in *Anderson* v. *Anderson,* 380 Ill. 435, as follows: "Where, however, the wife has from equitable considerations, other and additional interests in her husband's property than such as attach to her status as wife, as, for example, if her money came into the hands of the husband and has been invested by him in real estate to which he holds the title, or if her earnings and savings have gone into his possession and aided him in acquiring the real estate, or if the real estate represents the joint earning, work or savings of the parties, the court may properly, when dissolving the marriage relation, decree that the wife shall be vested with the title in fee to such real estate or some other real estate belonging to the husband, in order to effect an equitable and fair adjustment of the property rights of the parties." Many authorities sustain this principle.

In the present instance the court made an award of $900, and made it a lien on the tract, title to which still

remained in the husband. It is said this is erroneous because it amounted to a judgment *in personam* on substituted process. However, the allowance of this amount was doubtless made to balance the equities for moneys actually received from the wife's inheritance. The statute provides the court may compel the conveyance of property equitably belonging to the other. There can be no question but what the appellant had property equitably belonging to appellee, and the court, instead of ordering the conveyance of land from appellant, gave to the appellee a lien on land to secure its payment. We think this order of the court was amply justified by *Wilson* v. *Smart,* 324 Ill. 276, where we held that a court having jurisdiction by publication may order the sale of a husband's property to satisfy a lien for alimony.

The law is well settled that a purely personal decree in a divorce suit awarding alimony against a nonresident who is notified of the proceeding by publication, and who does not appear, is not binding upon him, but divorce proceedings are in some aspects *in personam,* and in others very clearly *in rem.* (*Wilson* v. *Smart,* 324 Ill. 276.) The distinguishing characteristic of a judgment *in rem* is that it operates directly upon property and is binding upon all persons in so far as their interest in the property is concerned. (*Austin* v. *Royal League,* 316 Ill. 188.) And therefore constructive service of process upon a nonresident defendant in a proceeding against, or concerning specific property of, the defendant within the court's jurisdiction, will enable the court to render a decree which is binding upon such property. *Wilson* v. *Smart,* 324 Ill. 276, and cases cited.

Inasmuch as the divorce statute makes provision for alimony, and also provision for returning to the wife property equitably belonging to her, we can see no distinction in the court allowing a lien for the value of personal property belonging to her than in allowing a lien to secure the payment of alimony. There was no error in awarding

appellee $900, and giving her a lien upon the one hundred and seventy-five acres.

It is also claimed that the decree was erroneous in that it provided that execution should issue in default of payment, and that the tract containing one hundred seventy-five acres be sold at sheriff's sale to enforce collection. This part of the decree was erroneous, because an execution would reach any other property, whether in the jurisdiction of the court, or elsewhere, and amounted to using the process authorized for judgments *in personam* in a case where the only jurisdiction over the property was based upon a judgment *in rem*. The appellee can still enforce her lien upon the husband's property to collect the amount awarded her by the foreclosure of a lien, as in cases in chancery, and not through the law process of a sheriff's execution. Other than this, we see no error in the decree rendered by the circuit court of Pike County. No objection is made to the allowance of attorney fees or the fixing of alimony.

It is therefore ordered that the decree of the circuit court of Pike County be in all respects affirmed, except as to that part of the decree which authorizes the issuance of an execution and a sale, as in cases of personal judgments at law, to be served and executed by the sheriff, and in this respect the decree of the circuit court of Pike County is reversed. The cause is remanded to the circuit court with directions to proceed in a manner consistent with the views expressed herein, including the preservation of the lien of appellee on lands of appellant to secure payment of the money awarded to her by the decree and the right to enforce the same. The judgment of this court being merely correctional, costs are taxed against appellant.

*Affirmed in part and reversed in part, and remanded, with directions.*