(No. 33004.—

CHARLES M. CROSS *vs.* LORENE CROSS, Appellant.—
(ELEANOR CROSS, Appellee.)

*Opinion filed January 20, 1954.*

BERRY & SIMMONS, of Rockford, for appellant.

KNIGHT, HAYE & KEEGAN, and T. O. PRATHER, both of Rockford, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

In May, 1947, Charles M. Cross filed a suit for divorce in the circuit court of Winnebago County against his wife, Lorene Cross, who is the appellant in this court. Among other things, the complaint alleged that the husband had paid all of the purchase price for their home, title to which

was in the husband's name, and that appellant had paid nothing into the property either by way of principal or interest. A month later, on appellant's petition, the court entered an order awarding her temporary alimony of $30 per week. Subsequently appellant filed an answer and a counterclaim, which was later amended, and in it she alleged that the residence property was paid for in part with money she had earned, and prayed for a finding and order that she was entitled to a one-half interest therein. On January 7, 1948, the court granted appellant a decree of divorce on the ground that her husband had wilfully deserted her. Insofar as pertinent to this appeal, the decree contained these provisions:

"IT IS FURTHER ORDERED that the temporary order hereinbefore entered in this cause decreeing that support monies be paid to the counter-plaintiff be and the same is hereby continued in force until the further order of this court.

"IT IS FURTHER ORDERED that all questions in relation to final order of monies for the necessary and reasonable support of the counter-plaintiff and her rights, if any, in properties owned by the counter-defendant, both real and personal, except the household furniture and fixtures, which are hereby ordered to be the sole property of counter-plaintiff, and in any and all questions not finally adjudicated by this decree between the parties hereto be, and the same are hereby reserved until further order of this court, and this cause be and same is hereby continued for further hearing or hearings on said issue."

Subsequent to the divorce, Charles M. Cross married the appellee, Eleanor Cross, and their union continued to exist until his death on December 18, 1949. During the same period appellant continued to live in the residence she and her divorced husband had occupied, and it is undisputed that she received alimony payments of $30 per week up to the time of his death. The husband died testate,

and, by the terms of his will, Eleanor Cross was made the sole legatee and devisee of all the personal and real property he owned at the time of his death.

On January 30, 1950, Lorene Cross suggested the death of Charles M. Cross and obtained leave to file a further amendment to her counterclaim in which she sought to make Eleanor Cross a party, both individually and in her capacity as executrix of the last will of Charles M. Cross, and in which appellant alleged that she was, in equity, entitled to the real estate heretofore described. The amendment concluded with a prayer that she be awarded the real estate of the decedent, a portion of the personal property, alimony during the time the decedent's will was in process of probate, attorney's fees and an injunction restraining Eleanor Cross from disposing of the property. The court denied the petition for an injunction but granted appellant leave to file a supplemental counterclaim adding additional parties and ordered summons to issue for the additional parties.

The supplemental counterclaim filed on February 8, 1950, alleged that although no property settlement was ever made pursuant to the reservation in the decree of divorce, appellant was still residing in the home she and her former husband had occupied for twenty-six years prior to the divorce; that she had worked for many years to augment the family income, even to the extent of operating a small business for four years; that she contributed the sum of $20 a week to family expenditures; and that since the time her husband separated from her, she had expended approximately $700 for permanent improvements on the premises. Appellant further alleged that her husband had represented to her that she was the owner of a one-half interest in the property and that she was ignorant of the fact that title had not been taken in both their names as her husband said it would. The prayer of this pleading was that she be awarded the home, a portion of the per-

sonal property of the decedent, alimony during the period of probate, attorney's fees and, in the alternative, that she be awarded a dower interest in the property. Appellee filed a motion to strike and, after hearing, the court granted the motion insofar as the prayer for alimony and attorney's fees were concerned but denied it insofar as it related to the prayer for relief concerning real estate and personal property. Appellee filed an answer and subsequently, in February, 1953, filed a motion to dismiss the supplemental counterclaim for want of proper prosecution. On April 7, 1953, appellant filed a further amendment to her counterclaim praying for an award of dower and a right of homestead in the residence property. This amendment was stricken, however, on motion of appellee.

At a hearing which followed, and which the abstract shows was almost exclusively a colloquy between court and counsel, the court refused to hear or admit evidence by which appellant sought to establish her equitable interest in the residence property, it appearing that the court was of the opinion that appellant was attempting to establish a resulting trust, as was the case in *Carlson* v. *Carlson,* 409 Ill. 167, where the same jurist presided in the trial court. The record reflects that the proof refused would tend to show that appellant had managed a millinery shop, had been employed as a saleslady in a department store, had operated a confectionery store and that the income from her labors went into the home. Also that appellant had cashed insurance policies that went to pay taxes and interest, that the decedent had admitted the home would have been lost had it not been for appellant and that he had stated in the presence of appellant and others that title to the house was going to be taken in both their names. Having refused the proof, the court thereupon entered a decree which found that the equities in the cause, insofar as they pertained to any right or interest claimed by appellant "in the nature of a resulting trust, right of dower, estate of

homestead, or otherwise," were with appellee. Accordingly, the court ordered that appellant take nothing by her suit.

The question of title having been put in issue in such a manner as to involve a freehold, appellant has come directly to this court for review, contending: (1) that the court erred in refusing to admit any evidence on behalf of appellant under the pleadings, and (2) that the trial court, having reserved the matter of property rights between appellant and her husband, should have awarded her alimony in gross in the real estate and personal property of the deceased husband or, in the alternative, should have set off dower and homestead to her and awarded her attorney's fees.

We think it manifest that the trial court erred in refusing the proof offered by appellant. It is the established rule that the jurisdiction of a court hearing divorce matters is based upon statute rather than upon general equity powers. (*Persico* v. *Persico,* 409 Ill. 608; *Ward* v. *Sampson,* 395 Ill. 353.) In the absence of statutory authority, a court of equity has no power in divorce proceedings to deal with the separate property of the spouses. When the present action was commenced section 17 of the Divorce Act ordained as follows: "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." (Ill. Rev. Stat. 1947, chap. 40, par. 18; Jones Ann. Stat. 109.185.) In construing this section this court has held that where a wife makes no contribution to the acquiring of the real estate, the court would not be justified, upon granting a divorce to her, in decreeing title of the husband's land to her except in cases of some special equity arising out of the particular facts of the case. (*Lipe* v. *Lipe,* 327 Ill. 39; *Giesler* v. *Giesler,* 336 Ill. 410; *Solty-*

*sik* v. *Soltysik,* 317 Ill. 247.) Where, however, the wife has, from equitable considerations, other and additional interests in her husband's property apart from those that attach to her status as a wife, examples being where her money came into the hands of her husband and has been invested by him in the real estate to which he holds title, or if her earnings and savings have gone into his possession and aided him in acquiring the real estate, or if the real estate represents the joint earnings, work and savings of the parties, the court may properly, when dissolving the marriage relation, decree that the wife shall be vested with the title in fee to such real estate in such a way as to effect an equitable and fair adjustment of the parties' property rights. (*Nowogurski* v. *Nowogurski,* 404 Ill. 276; *Killebrew* v. *Killebrew,* 398 Ill. 432; *Anderson* v. *Anderson,* 380 Ill. 435; *Termaat* v. *Termaat,* 357 Ill. 472.) The cited cases also ordain that where special equities are claimed justifying the conveyance of the husband's property to the wife, the special circumstances must be alleged in the complaint and established by the proof and relief can be granted only in accordance with the allegations of the complaint sustained by the proof.

In the counterclaim upon which appellant was granted a divorce in this cause, she alleged that the residence property occupied by the parties, title to which was in the husband, had been paid for in part by money earned by appellant and that she was entitled to a one-half interest therein. The prayer asked for a finding that she be entitled to an undivided one-half interest. Although the husband's answer to the counterclaim put at issue the question of the parties' equity in the property, the court made no ruling thereon but reserved it and continued the cause for that purpose. Again in the supplemental counterclaim which appellant was permitted to file after the death of her husband and after making the sole devisee and executrix of his estate parties defendant, appellant alleged facts

tending to establish an equitable interest in the property by reason of the fact that her earnings and savings had aided her husband in acquiring the residence and that the residence represented their joint earnings and work. In addition it was alleged that the husband had represented to appellant and others that title would be taken in the parties as joint tenants. The only substantial difference in the supplemental counterclaim was that appellant prayed that she was, in equity, entitled to all of the real estate; such a claim would, however, only go to the proof. When appellant's counsel sought to introduce proof at the supposed hearing on her supplemental counterclaim, he expressly stated that the proof was offered to establish appellant's equitable interest in the property. The court, however, refused to hear such proof, the record indicating that his ruling was predicated on a belief that the proffered evidence was not sufficient to establish a resulting trust in appellant, which remedy, along with the possibility of a claim against the decedent's estate, the court felt was all that was open to appellant. Thus neither in the original divorce hearing, where the question was reserved, nor in the hearing on the supplemental counterclaim, where the opportunity to make proof was denied, has appellant ever been afforded a hearing upon the issue of adjusting her alleged equities in the property as section 17 of the Divorce Act permits, and which she pleaded both in her counterclaim and supplemental counterclaim. The issue is somewhat clouded in the record before us by the dissertation of court and counsel for appellant as to whether appellant could claim a resulting trust or whether the equities she alleged would entitle her to the real estate in lieu of alimony under section 18 of the Divorce Act. (Ill. Rev. Stat. 1953, chap. 40, par. 19.) We do not find, however, that appellant's pleadings raised either issue but that she sought, rather, an·adjustment of the equities she and her husband had in the ownership of the property. (cf. *Persico* v. *Persico,*

409 Ill. 608.) In equity, therefore, it is our conclusion that the appellant is entitled to a full hearing on the issue raised and that the court erred in refusing proof of the equities alleged.

For the reasons stated the decree of the circuit court of Winnebago County is reversed and the cause is remanded to that court for proceedings consistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*