RAYMOND R. NEWHOUSE, Plaintiff-Appellant, *v.* HELEN M. NEWHOUSE, Defendant-Appellee.

(No. 72-336;

Second District—March 21, 1974.

Ernest W. Witt, of West Chicago, for appellant.

Burek & Field, of Wheaton, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The only question presented here is whether the trial court erred in awarding to the wife in a divorce case her husband's interest in the jointly-owned marital residence in addition to a monthly alimony award.

Plaintiff (the husband) filed suit for divorce charging mental cruelty and for partition of the marital real estate, title to which was held in joint tenancy by the parties. Defendant filed a counter-claim for divorce charging mental cruelty and claiming a "special equity" in the marital home for the reason that she needed it for herself and her children, and that she had invested $30,000 to $40,000 (being funds she received in a railroad accident settlement) in improvement of the premises. Her counter-claim requested that, in addition to alimony and child support money, she be awarded the marital real estate.

After hearing testimony of both parties the trial court entered a decree which dismissed plaintiff's complaint, granted defendant a divorce and custody of their minor child, and ordered plaintiff to pay $300 per month for child support and $1000 monthly as alimony based on his income of approximately $49,000 per year. Plaintiff was also ordered to convey his interest in the marital home to the defendant. The order stated that the award of the marital home was "based upon a specific finding that it is fair and equitable." On appeal plaintiff contends in effect that the trial court erred in awarding the defendant the marital real estate in addition to alimony.

The material facts are not controverted. The parties were married in 1943. They had seven children, six of whom are living, one having died in May 1971. Living in the home with defendant are three of the children: a daughter, Kathleen, 19 years old and working part-time; a son, Raymond, and his wife; and a minor son, Robert, 12 years old, described as a "hyperkinetic" child with a perceptual handicap who requires special training and care. In 1960 the parties moved into a new home in Wheaton, Illinois, taking title in joint tenancy. The lot cost $5000, the building, $37,000; the mortgage debt was $25,000.

In 1961 defendant and counter-plaintiff settled a personal injury claim, arising out of a railroad accident in 1956, and recovered a net settlement of $39,679 after payment of attorney's fees and certain medical expenses. (Plaintiff and counter-defendant recovered $1333 in addition

for his claim for loss of consortium.). The settlement proceeds were deposited in the joint checking account of the parties. Plaintiff testified that the "funds from" his wife's "accident that she recovered were expended mainly for the house and various other items" that he testified to. The other items from their recollection (since records were not available) were: Dr. Milroy, $3000 for additional surgery needed by defendant; St. Joseph Hospital, $1000 over and above hospital insurance (the defendant's recollection of this item was some $2000); a payment of $245 to discharge defendant's mother's hospital bill; unreimbursed loans of $4000 to a Mr. and Mrs. Riley; two contributions amounting to $2000 to religious orders; house furniture, $2500; and draperies, $900. These aggregated $13,645. Thus, the remainder of the proceeds from defendant's settlement, about $26,000, was expended on the marital real estate for a swimming pool, driveways, terracing, landscaping, a shed, a carport and fencing.

The plaintiff testified that a few years earlier a realtor valued the real estate at $45,000, which he considered too low; plaintiff now places its present worth at $63,000. There was no other testimony as to its value.

The defendant is a registered nurse who has not engaged in her profession during the marriage, except for several weeks at a summer camp a few years ago. As a result of the injuries suffered in the railroad accident, she underwent bone surgery on her right arm and right foot on several occasions and now suffers from osteomyelitis in that foot. Being unable to stand for any period of time, she cannot "go out and work".

Section 17 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 18) provides as follows:

"Whenever a divorce is granted, if it shall appear to the court that, either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

In construing this section our supreme court in *Cross v. Cross* (1954), 2 Ill.2d 104, 109, 116 N.E.2d 892, said:

"Where, however, the wife has, from equitable considerations, other and additional interests in her husband's property apart from those that attach to her status as a wife, examples being where her money came into the hands of her husband and has been invested by him in the real estate to which he holds title, or if her earnings and savings have gone into his possession and aided him in acquiring the real estate, or if the real estate represents the joint earnings, work and savings of the parties, the court may properly, when dissolving the marriage relation, decree that

the wife shall be vested with the title in fee to such real estate in such a way as to effect an equitable and fair adjustment of the parties' property rights. [Citations.] The cited cases also ordain that where special equities are claimed justifying the conveyance of the husband's property to the wife, the special circumstances must be alleged in the complaint and established by the proof and relief can be granted only in accordance with the allegations of the complaint sustained by the proof."

See also *Overton v. Overton* (1972), 6 Ill.App.3d 1086, 1089-1090, 287 N.E.2d 47.

■■ In the instant case the defendant alleged and proved special equities to justify the trial court's order that the husband's interest in the jointly owned property be conveyed to the wife. (Ill. Rev. Stat. 1971, ch. 40, par. 18.) It was established by the evidence that the biggest part of the personal injury settlement received by her was spent for improvements to the jointly owned real estate. Plaintiff himself testified that the funds from his wife's accident were expended mainly for the house and various other items to which he testified.

■■ The "special circumstances", such as her physical handicap, which prevents her from being gainfully employed and her responsibility for the care and custody of the minor child, justify the court's allowance of periodic alimony under section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19).

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.