VIRGINIA WELCH FOWLER, Plaintiff-Appellee, *v.* DENNIS MAC FOWLER, Defendant-Appellant.

(No. 74-147; ▮▮▮▮▮▮▮▮▮

Third District—March 18, 1975.

Lucie & Heiser, of Bushnell (J. D. Lucie, of counsel), for appellant.

Harris & Harris, of Macomb (W. K. Harris, of counsel), for the appellee.

Mr. JUSTICE ALLOY delivered the opinion of the Court:

This is an appeal from a portion of a decree of the Circuit Court of McDonough County, in a divorce action, which ordered defendant Dennis Fowler to transfer all his interest in a certain piece of real estate to plaintiff Virginia Fowler. The parties to this action were married in 1964 and owned a number of pieces of real estate as joint tenants. The particular property which is under consideration in this cause consists of a farm near Macomb, Illinois, which was known as the "Maple Avenue property." The property was owned by plaintiff's father, Dr. Ralph R. Welch. Plaintiff lived there with her father for some time while defendant Fowler was employed in Fairfield, Iowa, during the first few years of the marriage. The plaintiff is an osteopath and practiced in Macomb with her father.

On May 24, 1966, Dr. Welch entered into a signed agreement with plaintiff and defendant to sell to them the property in question for the sum of $58,000. It provided for a down payment of $6,000. A warranty deed was executed and placed in escrow by Dr. Welch. The buyers each gave Dr. Welch a check for $3,000 to cover the down payment of $6,000 recited in the contract. At the same time, Dr. Welch gave each buyer a check drawn on his account for exactly the same amount of $3,000 each, and both checks were subsequently paid by the bank. The agreement was in the form of an agreement for warranty deed and called for payments of $200 per month beginning December 1, 1966, with interest on the unpaid balance at the rate of 4% per annum. No other payments on the contract were ever made. It appears that the deed was eventually released from escrow but could not be located, if it is still in existence. Dr. Welch died a few weeks after the execution of the contract. In his will, Dr. Welch bequeathed his interest in the contract as vendor to his daughter, Virginia Fowler, plaintiff.

Plaintiff filed an action for divorce on the ground of desertion and was granted a divorce in the McDonough County Circuit Court in

December 1973. As a part of the divorce decree, the court ordered all property held by the parties jointly to be divided equally. As to the Maple Avenue property, however, the court granted that property to the plaintiff on the basis of "special equities." The court specifically found that no alimony was required from either party and ordered that both parties be forever barred from claiming alimony. The court in the decree required that defendant convey all his interest in the Maple Avenue property to plaintiff.

Defendant Dennis Fowler argues on appeal that the court's disposition of the Maple Avenue property was improper and that the "special circumstances or equities" required to support the court's award of the property to plaintiff were neither alleged in the complaint nor proven at the hearing.

In the case of *Cross v. Cross*, 2 Ill.2d 104, 108, 116 N.E.2d 892 (1954), the supreme court of this State stated:

> "It is the established rule that the jurisdiction of a court hearing divorce matters is based upon statute rather than upon general equity powers. * * * In the absence of statutory authority, a court of equity has no power in divorce proceedings to deal with the separate property of the spouses."

The statutory provisions under which a court, in the process of granting a divorce, may order the property of one party transferred to the other apparently appear only in the provisions relating to transfer of property as alimony (which is not applicable here), and in section 17 of "An Act to revise the law in relation to divorce" (Ill. Rev. Stat. 1973, ch. 40, par. 18), where it is provided:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

Special equities or circumstances must be alleged and proven, normally, to justify a transfer of property from one spouse to another under the terms of section 17. (See *Peck v. Peck*, 16 Ill.2d 268, 283, 157 N.E.2d 249 (1959); *Stevens v. Stevens*, 14 Ill.2d 99, 108, 150 N.E.2d 799 (1958).) As stated in *Cross v. Cross*, 2 Ill.2d 104, 109 (1954):

> "* * * where special equities are claimed justifying the conveyance of the husband's property to the wife, the special circumstances must be alleged in the complaint and established by the proof and relief can be granted only in accordance with the allegations of the complaint sustained by the proof."

The requirement that the complaint should allege special equities stems from decisions and not from the statute. *Skoronski v. Skoronski,* 395 Ill. 301, 69 N.E.2d 690 (1946).

■■ In the cause before us, the complaint alleged that the parties owned several tracts of real estate and prayed for a division of such property according to the equities of the parties as they may appear. Defendant admitted ownership of several tracts of real estate in his answer and alleged it also in his countercomplaint. The issue of the division of real estate was thus put before the court, although there were no specific allegations by plaintiff concerning the nature of her special interests in the Maple Avenue property. The lack of allegations here, however, is not a factor for consideration since the testimony which was presented with respect to the Maple Avenue property and its acquisition by the parties, and all of the relevant documents were admitted into evidence. So far as the record is concerned, and on the basis of the briefs and abstracts in this cause on appeal in this court, there is no contention that any testimony or evidence was objected to by defendant. Defendant, however, does raise the question of the sufficiency of proof rather than absence of any allegations. We conclude, therefore, that defendant has waived the issue concerning pleadings and the necessity of allegations in the pleadings by failing to raise such issue in the trial court. It cannot be raised for the first time on appeal. As a practical matter, we note that the court could allow amendment to the pleadings, if that became requisite, so that the pleadings could conform to the proof. (Ill. Rev. Stat. 1973, ch. 110, par. 46(3)). We, therefore, have undertaken to review the evidence to see whether it supports a finding that special circumstances and equities warranted the court below in ordering defendant to transfer his interest in the Maple Avenue property to the plaintiff.

■■ Defendant places a great deal of emphasis on the fact that most of the case upholding a transfer of property under section 17 of the divorce statute involved situations where a spouse had contributed funds for the purchase or improvement of the property held solely in the name of the other. Defendant asserts that such contribution is "essential" to a finding of special circumstances or equities. This is not consistent with the statement of the supreme court in *Cross v. Cross,* 2 Ill.2d 104 (1954), to the effect that where the wife makes no contribution to acquiring the real estate, the court would not be justified in decreeing title in the husband's land to her "except in cases of some special equity arising out of the particular facts of the case." (2 Ill.2d 104, 108.) The supreme court thus recognized that the contribution may not be the only reason justifying a transfer under section 17.

In the cause before us, plaintiff and defendant had nominally contracted to purchase property jointly from Dr. Welch. Their downpayments, however, were immediately returned to them and no further payments of any kind were made on the contract as far as the record shows. It is thus apparent that defendant invested nothing in the property at any time. Plaintiff was bequeathed the vendor's interest in the land by her father when he died. Her interest, if any, as a purchaser, merged with the acquisition of the interest in the real estate as a result of her father's will. At a very minimum she had all the rights her father had, which meant the right to receive all the balance of the proceeds from the sale of the remaining one-half, which might have been vested in the defendant, and the right to forfeit the contract for nonperformance.

The maximum interest which defendant could have had would be a right to the purchase of a one-half interest upon payment of one-half of the proceeds of the sale under the contract to the extent of 50% of $52,000 or $26,000 together with interest which has accrued on the unpaid balance from the date of the contract. This presupposes that the $3,000 check which was received from Dr. Welch was a gift to defendant. There is, however, no affirmative evidence of an intention on the part of Dr. Welch to make a gift to defendant. As a consequence, the trial court concluded that the transaction as between Dr. Welch and his daughter and her husband was a "wash" transaction in which no interest in fact was established in the parties, but only in which a formal contract was set up for purposes which are not apparent. Perhaps it was the object of Dr. Welch to follow the desire of his daughter to make annual gifts to the parties so as to ultimately vest the premises in the parties in joint tenancy, as long as the marriage was successful. Even if the defendant acquired a technical interest in the contract for deed, as we have observed, he is clearly in default, and the contract was subject to termination by reason of such default.

■■ The trial court, acting as court of equity, determined that defendant actually paid nothing on the contract at the time of its execution and made no further payment and thereby acquired no equitable interest ·in the property. The court found that all the equities with respect to such property favored the plaintiff, the daughter of the owner, and that all title therein should thereby vest in plaintiff. Defendant was apparently named nominally as a party in the contract by reason of the fact that he was husband of plaintiff. Since his status as husband was terminated by the decree, the court saw no equitable reason for permitting defendant to retain any interest in the premises. Since the court decreed that equities were with the plaintiff, it properly ordered that all interest, if any, which still remained in the husband-defendant should be con-

veyed to plaintiff as being equitably and fairly her property. This is entirely consistent with section 17 of the divorce statute referred to, which vests in the court the right to require a conveyance where title to property equitably should be vested in the other.

For the reasons stated, the decree of the Circuit Court of McDonough County is, therefore, affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.