MARY E. McHUGH *vs.* NEW ENGLAND MUTUAL· LIFE
INSURANCE COMPANY
(and a companion case [1]).

Suffolk.    November 9, 1944. — January 4, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Insurance,* Accident insurance.    *Words,* "Gas."

A policy of life insurance excluding, from a provision for payment of an additional sum in certain circumstances, death resulting from inhaling "gas," did not permit recovery of such sum if death was caused by inhaling poisonous fumes of carbon tetrachloride.

---

[1] The companion case is by the same plaintiff against The Prudential Insurance Company of America.

Two ACTIONS OF CONTRACT. Writs in the Superior Court dated January 9, 1942.

The cases were tried together before *Higgins*, C.J.

*J. B. O'Hare,* (*W. W. Brooks* with him,) for the plaintiff.

*V. V. R. Booth,* for New England Mutual Life Insurance Company.

*H. W. Corbett,* (*C. T. Cottrell* with him,) for The Prudential Insurance Company of America.

LUMMUS, J. These are actions of contract, begun on January 9, 1942, by the beneficiary of policies of insurance issued upon the life of her husband, James J. McHugh, who died on May 29, 1941. The face amount of each policy, $5,000, has been paid. The action against the New England company is brought to recover the additional sum, equal to the face amount of the policy, payable in case of "death of the insured . . . in consequence of . . . bodily injury effected solely through external, violent, and accidental means, which injury is evidenced by a visible contusion or wound on the exterior of the body or is revealed by an autopsy." The action against the Prudential company is brought to recover the additional sum, equal to the face amount of the policy, payable in case of the death of the insured "as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body."

The policies provided that the additional sum sued for shall not be payable (to quote from the New England policy) in case of "death resulting directly or indirectly from . . . the taking of any kind of poison or the inhaling of any kind of gas," or (to quote from the Prudential policy) "if such death resulted . . . from the inhaling of any kind of gas, whether voluntarily or otherwise." The evidence made it clear that the insured died of acute nephritis caused by accidentally inhaling the poisonous fumes of carbon tetrachloride continually used by him in compounding a shoe cleaning preparation. There was evidence that the carbon tetrachloride in question was in a liquid form, and that in

scientific terminology its fumes were more properly described as a vapor than as a gas.

We think the judge was right in directing verdicts for the defendants. Without considering other defences, we think that death was caused by inhaling a "gas" within the meaning of the policies. Under neither policy was it important that the fumes were inhaled accidentally. *Estabrook* v. *Eastern Commercial Travelers Accident Association*, 308 Mass. 439. The word "gas" is to be construed as it is understood, not by scientists, but by ordinary men. The dictionary definitions of the word show no clear line of demarcation between gas and vapor. Neither is any such line recognized in common speech. In *Birss* v. *Order of United Commercial Travelers*, 109 Neb. 226, 228, where fumes from oil were held to be "gas" within a similar provision, the court said, "Matter in the aeriform state, having noxious or poisonous qualities, as perhaps distinguished from smoke or dust, which is matter in the solid state finely diffused through the air, is a gas within what, we believe, was intended by the term in the policy." See also *Stone* v. *Physicians Casualty Association*, 130 Neb. 769; *Osburn* v. *Commercial Travelers Mutual Accident Association*, 265 N. Y. 671; *Harrington* v. *Inter-State Business Men's Accident Association*, 210 Mich. 327; *Lamar* v. *Iowa State Traveling Men's Association*, 216 Iowa, 371.

*Exceptions overruled.*