IRVING PECK *et al.*, Plaintiffs-Appellants, *v.* ROCKFORD LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 71-306;

Second District—January 24, 1973.

Early & Lundin, of Rockford, for appellants.

Williams, McCarthy, Kinley & Rudy, of Rockford, (John C. McCarthy, of counsel,) for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs, beneficiaries under two life insurance policies insuring their son, appeal from the judgment below which dismissed their complaint seeking additional indemnity for accidental death.

The complaint, as amended, essentially alleged that the insured died as a result of one or more of the following acts:

"(a) From an over-dose of gasoline inhalation as set forth in an Inquisition of the Coroner of Winnebago County, Illinois, dated June 24, 1970, a copy of which Inquisition[1] is attached hereto and marked Exhibit "A";

(b) From inhalation of gasoline vapors causing acute gasoline intoxication;

(c) From inhalation of gasoline fumes."

Prior to the dismissal of the complaint, defendant had submitted a request to the plaintiffs to admit that the insured came to his death from "the inhalation of gasoline fumes." While the plaintiffs did not admit or deny the formal request, counsel for the plaintiffs stated in open court, "I will now admit the fact that he died from the inhalation of gas fumes or vapors."

The principal issue in this appeal is whether the allegations of the complaint coupled with the admission of counsel state a case within the following exclusionary language in the insurance policies:

"These accidental death benefit provisions shall not apply  *  *  * if the injury or death results from (1) the Insured's  *  *  * taking voluntarily or involuntarily, poison or the inhalation of gas or fumes; [Policy M598223] or (d) inhalation of any gas or fumes whether voluntarily or involuntarily; [Policy M857906]."

No case has been cited by either party which specifically concerns death resulting from inhalation of gasoline vapors or fumes in relation to the quoted exclusionary language, and we have found none in our independent search. The defendant has cited several cases which deal with somewhat similar questions and which we consider relevant to the issue. In *Birss v. Order of United Commercial Travelers* (Neb. 1922), 190 N.W. 486, 487, the exclusion of death resulting from "inhaling of gas" in an insurance policy was held to support the dismissal of a suit alleging that the insured was suffocated "by certain poisonous, irritating, noxious and injurious fumes and odors" which arose from oil obtained from an oil well and stored in tanks. The court concluded that the term "gas" was a generic term which should be accorded its common meaning as any substance in the elastic or aeriform state including gases, fumes and vapors. A similar result was reached in *McHugh v. New England Mutual Life Ins. Co.* (Mass. 1945), 58 N.E.2d 843, 844, where the court

---

[1] The inquisition stated that the insured "*  *  * came to his death on the 24th day of June A.D. 1970 from (a) acute gasoline intoxication due to (b) inhalation, self administered. The boy was found in the garage of his home, lying alongside a gas container holding the spout in his hand.  *  *  * An autopsy was ordered by the Coroner and the above cause of death was determined. There was no evidence showing he intended to cause self destruction. It appeared to be an overdose of gasoline inhalation."

found that "vapor" from liquid carbon tetrachloride was a "gas" within exclusionary language of an insurance policy.

When gasoline which has been confined comes into contact with air, a gas or vapor forms. See *O'Hara v. Nelson* (N.J. 1906), 63 Atl. 836, 837.

■■ Assuming the truth of the allegations in the amended complaint, together with the admitted facts, we find that the exclusionary clause of the policy became applicable to prevent recovery. The trial court properly dismissed the complaint on this basis.

After this conclusion, we need not consider the further claim of plaintiffs that they are entitled to attorney's fees by reason of the alleged vexatious delay of defendant in making payment of the additional recovery claimed for accidental death.

■■ Plaintiffs have also argued that the trial court improperly denied them a change of venue when it appeared to them that the judge was prejudiced against plaintiffs' counsel. The unsupported oral request was not in compliance with the applicable provisions of the Venue Act (Ill. Rev. Stat. 1969, ch. 146, pars. 1, 3), but more importantly, the request was not made until the court had indicated what its ruling would be on the principal substantive issue in the case. A change of venue was therefore properly denied. *Hildebrand v. Hildebrand* (1968), 41 Ill.2d 87, 90; *Pilgrim H. Church v. First Pilgrim H. Church* (1969), 115 Ill.App.2d 448, 451-452.

We affirm the judgment below.

Affirmed.

T. MORAN and GUILD, JJ., concur.