JENNETTA RUTH LAROCCO, Plaintiff-Appellant, *v.* FRANK J. LAROCCO, Defendant-Appellee.

(No. 72-238;

Fifth District—March 8, 1973.

Carl D. Sneed, of Herrin, for appellant.

Paul T. Austin, of Marion, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a decree of the Circuit Court of Williamson County granting defendant a divorce on his counterclaim and ordering the plaintiff to convey her joint tenancy interest in the marital home of the parties to the defendant.

The plaintiff brought an action against her husband, the defendant, for divorce on the grounds of extreme and repeated mental cruelty. The defendant filed a counterclaim for divorce on the same grounds. The decree found that the plaintiff, rather than the defendant, had been guilty of extreme and repeated mental cruelty and directed her to convey to defendant her joint tenancy interest in the marital home to defendant.

The plaintiff contends that the above finding is contrary to the manifest weight of the evidence and that the court erred in directing her to quitclaim her interest in a jointly owned marital home to the defendant.

The evidence consists solely of the testimony of the plaintiff, the defendant, and the plaintiff's daughter. The plaintiff testified that the defendant was extremely jealous, domineering, and moody; that he did not want her to work, but seldom gave her any money; that the defendant had struck her on one occasion; that she had left him a number of times because he was impossible to live with; and that he told her son, by a previous marriage, that he could no longer live with them.

The plaintiff's seventeen-year-old daughter testified that she had seen the defendant strike her mother; that the defendant was very moody and would not talk to her or the plaintiff for long periods of time; that the defendant would not permit her mother and herself to be alone together to talk; and that the defendant's domineering attitude had made her mother very nervous.

The defendant testified that the plaintiff left him three times; that she frequently invited guests to the house without telling him; that the plaintiff was hot-tempered and had, on one occasion, thrown a knife at him; that she had slapped him as hard as she could with her open hand; and that after the defendant had returned from the hospital, the plaintiff stated that if the defendant had to return to the hospital, she would not go with him or drive him there.

■■ From the foregoing, we are unable to say that the judgment of the trial court finding that the defendant was entitled to a divorce on his counterclaim is against the manifest weight of the evidence.

However, presumably pursuant to Section 17 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 18), the trial court ordered the plaintiff to quitclaim her joint interest in the marital domicile to the defendant. Al-

though there is no specific finding, we presume that the trial court found that the property "equitably belonged" to the defendant as the home had been purchased entirely with his funds.

The parties were married late in life and each had been married previously. Their marriage lasted seven years before the commencement of this action. At the time they were married, the defendant owned a home in Summit, Illinois. This home was subsequently sold and the proceeds can be traced, through another home, to the present marital home at Pharoah's Gardens Subdivision, Lake of Egypt. Title to these last two properties was placed in the name of both plaintiff and defendant as joint tenants at the direction of the defendant. The defendant stated that the plaintiff never asked him to put her name on either of the deeds, and that he had insisted on it himself.

It is undisputed that both the parties physically worked together to finish the present property, since it was only partially completed when they purchased it. They laid a tile floor, put up paneling, and insulated the upstairs. Plaintiff painted the outside. They put up guttering, installed a well and filtering system, and put in a bathroom.

In *Baker v. Baker*, 412 Ill. 511, our Supreme Court said at 514-515:

> "* * * Property voluntarily conveyed by a husband to his wife, without fraud or coercion is presumed to be a gift, notwithstanding the fact the husband purchased the property with his own money, and the wife may hold the property against him. [Cases cited.] This presumption of fact is not conclusive but may be rebutted by proof. It can only be overcome by clear, convincing, and unmistakable evidence that no gift was intended."

See also *Peck v. Peck*, 16 Ill.2d 268; *Rodely v. Rodely*, 28 Ill.2d 347; and *Kratzer v. Kratzer*, 130 Ill.App.2d 762.

There is no evidence whatsoever that a gift was not intended when the title to the property in question was placed in the names of plaintiff and defendant as joint tenants. The trial court therefore erred when it directed the plaintiff to quitclaim her interest in the marital home to the defendant.

For the foregoing reasons, that portion of the decree finding that the defendant is entitled to a divorce from the plaintiff is affirmed, and that portion of the decree directing plaintiff to quitclaim her interest in the real estate jointly owned by the parties and located at Pharoah's Gardens Subdivision, Lake of Egypt, Williamson County, Illinois, is reversed. This case is remanded to the Circuit Court of Williamson County for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

EBERSPACHER, P. J., and CREBS, J., concur.