SHARON L. LAWYER, Plaintiff and Counterdefendant-Appellant, v. DEL-MAR C. LAWYER, Defendant and Counterplaintiff-Appellee.

(No. 72-355;

Second District—May 29, 1974.

572

Wadsworth, Hornsby & Williamson, of Dixon (David R. Williamson, of counsel), for appellant.

Gunner, Keller & Magdich, of Dixon, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Plaintiff (wife) appeals from a judgment granting a divorce to defendant-counterplaintiff (husband) awarding to the husband her interest in jointly owned marital real estate, granting to him custody of their minor son, Mark, and denying her any visitation rights for 1 year with respect to Mark, and from the trial court's denial of a verified petition for a change of venue.

The wife filed a complaint for divorce on January 6, 1972, charging mental cruelty. On January 11 the husband filed his answer and the wife presented for hearing her motion before Judge James E. Bales for temporary alimony, child support, attorney fees, and exclusive possession of the marital home. At that hearing the wife included in her testimony statements concerning the husband's conduct toward a minor son, Paul, his constant criticism of Paul and herself, his numerous accusations as to her "infidelity" and the effect of that conduct on Paul and herself in making her "nervous and upset". The husband also testified at that hearing. On the following day Judge Bales filed a memorandum of decision, denying the wife's motion, and on January 17 entered the order of denial.

██ After the husband served notice of his motion (to be heard February 16) for leave to file his counterclaim for divorce, wife filed her petition on that day for change of venue, alleging her belief that Judge Bales "is prejudiced" against her. In denying her petition Judge Bales stated in his memorandum of decision: "This court always allows a request for change of venue under the proper circumstances" but that in this case "the court has already heard testimony" and that to grant the petition now "would open the door to 'shopping' for a change." The wife's petition for a change of venue was not filed until the trial court had heard testimony of the parties on substantial issues such as alimony, child support, custody, and the wife's allegation of mental cruelty, and after the court by its ruling indicated his attitude with respect to the issues. Under such circumstances the petition for change of venue was

not filed at the earliest practicable moment and was properly denied. *Hildebrand v. Hildebrand* (1968), 41 Ill.2d 87, 90; *People v. Speck* (1968), 41 Ill.2d 177, 187; *Russell v. Russell* (1947), 333 Ill.App. 68, 85; *Peck v. Rockford Life Insurance Co.* (1973), 9 Ill.App.3d 568, 570; *People v. Savaiano* (1973), 10 Ill.App.3d 666, 668; *Miller v. Miller* (1968), 94 Ill.App.2d 138, 141; Ill. Rev. Stat. 1971, ch. 146, par. 3.

The wife relies on *Miller v. Miller* (1963), 43 Ill.App.2d 214, 219. The opinion in that case does not reflect that the trial court had heard testimony on substantial issues. It merely refers to "appearances" in court regarding temporary alimony and child support prior to the filing of the petition for a change of venue. However, the court states that none of the "preliminary matters considered or ruled on by the court had any direct bearing on the substantive issues presented in the complaint." That is a far cry from the instant case where the trial court heard direct testimony and made rulings on substantive issues.[1]

The wife contends that the court erred in denying her complaint for divorce and in awarding a divorce to her husband. The husband's counterclaim for divorce on the ground of mental cruelty was amended by leave of court to add the charge of adultery, of which charge the trial court found her guilty. In our opinion no useful purpose would be served by reciting the evidence adduced in support of the charge. Suffice it to note that the trial court observed and heard the witnesses and we are unable to say, after a thorough review of the record, that the evidence does not support the court's determination.

The wife also complains of the trial court's award to the husband of her interest in their jointly owned marital real estate. The husband's counterclaim merely alleged as to that real estate that he was its "equitable owner" and asks that the wife "be barred from all interest in the real estate of the parties".

The parties were married in June 1959. The husband adopted his wife's son, Paul, who was born in 1957. In October of 1959 their son, Mark, was born. In October of 1960 as "joint tenants" they entered into a contract for a deed to buy their marital home in Dixon. The husband made all payments on that house, as well as taxes and interest thereon. Upon the husband's payment of the contract balance, title was conveyed to them as joint tenants by deed dated December 2, 1969 and was so held by them at the time of this proceeding.

---

[1] The opinion in *Miller* (43 Ill.App.2d 214) states that the petition for a change of venue included an allegation that knowledge of the judge's prejudice did not come to the petitioner until a date subseqeunt to the hearings, but makes no disclosures of any specifics of such knowledge.

The divorce decree awarding the marital real estate to the husband "barred" each party from asserting any claim to alimony.[2] It made no finding of fact relating to the real estate. However, in the memorandum of decision the trial court stated that "it does not appear that the plaintiff [wife] contributed to the purchase of the real estate," that the husband "financed" all repairs and improvements "as well as the purchase price and payments," that the husband and Mark reside in the home, and therefore awarded the real estate to the husband. These are the only statements in the court's memorandum bearing on the award to the husband of the marital real estate.

■■■ Those facts are not sufficient for a determination that the husband is the equitable owner of the interest of the wife in the marital home, title to which was taken in joint tenancy, and which was purchased by them in 1960 as joint tenants. The allegation in the husband's counterclaim that he was the equitable owner was unsupported by any specific allegations of special equities to justify divesting the wife of her interest. To justify the conveyance of one spouse's interest to the other in property, the special equities or special circumstances must be specifically alleged in the complaint and established by the evidence. In the absence of such allegations relief cannot be granted. (*Cross v. Cross* (1954), 2 Ill.2d 104, 109; *Persico v. Persico* (1951), 409 Ill. 608, 610; *Overton v. Overton* (1972), 6 Ill.App.3d 1086, 1089-1090.) Even in *Gilbert v. Gilbert* (1922), 305 Ill. 216, relied on by the husband, there were allegations and proof of fraud by the husband in obtaining the deed. Likewise in *Walsh v. Walsh* (1939), 372 Ill. 254, and in *Bissett v. Bissett* (1941), 375 Ill. 551, 555, it was pointed out that specific allegations of fact must be made and proven to warrant relief.

■■ When the husband voluntarily conveys property to his wife or provides therefor by conveyance by joint tenancy, as the husband did here, without fraud or coercion, a gift thereof is presumed notwithstanding the fact that the husband paid for the property with his own funds. (*Larocco v. Larocco* (1973), 10 Ill.App.3d 366, 368.) That presumption can be overcome only by clear, convincing and unmistakable evidence that no gift was intended. (*Baker v. Baker* (1952), 412 Ill. 511, 515.) There is nothing in this record that indicated, either in 1960 when the parties as joint tenants contracted to buy the property, or in 1969 when

---

[2] Thus the trial court's award to the husband of the wife's interest in the real estate must have been intended to be made not as alimony in gross under section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19) but under section 17 (Ill. Rev. Stat. 1971, ch. 40, par. 18). Section 17 provides, "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

title was so conveyed to them, that the wife was other than a dutiful wife. Subsequent acts of misconduct not shown to be in contemplation at the time of purchase or conveyance would not warrant cancellation of the wife's interest in the marital home. (*Baker v. Baker* (1952), 412 Ill. at 516; *Kratzer v. Kratzer* (1971), 130 Ill.App.2d 762, 767.) The cases cited by the husband are therefore inapposite. The trial court erred in awarding to the husband the wife's interest in the jointly owned marital home and in failing to award to her her one-half interest in that real estate.

■■ Finally, the wife argues that the trial court abused its discretion in awarding custody of their minor son, Mark, to the husband and in restricting her visitation rights. The divorce decree awarded to the wife custody of the other minor son, Paul, and ordered the husband to make reasonable child support payments, but Mark's custody was awarded to the husband with the denial of the mother's visitation rights for 1 year. The record in this case and the trial court's memorandum of decision clearly show that the trial judge gave thorough and careful consideration to the best interests of both children in determining custody and visitation rights. Moreover, both parties and their counsel stipulated prior to the court's ruling on custody and visitation, that the court's discussion with Mark, with a school social worker, and with a probation officer would be taken into consideration, along with all of the other evidence, by the court in deciding "the question of the mother's visits with the boy." We find nothing in the record to show that there was any abuse of discretion either in the award of Mark's custody or in denying the wife's visitation rights for 1 year, at the expiration of which the court would reconsider that subject. *Mogged v. Mogged* (1972), 5 Ill.App.3d 581, 589.

Therefore we affirm that portion of the judgment which awards the divorce to the husband on his counterclaim, awards Mark's custody to the husband and restricts the wife's visitation rights, but we reverse and remand that portion of the judgment which awards the wife's interest in the marital home to the husband for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

T. MORAN, P. J., and GUILD, J., concur.