SHARON K. BENSON, Plaintiff-Appellee, *v.* EDWARD W. BENSON, Defendant-Appellant.

(No. 73-146; ▮▮▮▮▮▮▮▮▮

Second District—February 18, 1975.

*Rehearing denied March 31, 1975.*

SEIDENFELD, J., specially concurring.

Connolly, Oliver, Goddard, Coplan & Close, of Rockford (Lewis B. Kaplan, of counsel), for appellant.

Nordquist & Anderson and Craig A. Ridings, both of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

A decree for divorce was entered in favor of the plaintiff, Sharon K. Benson. The defendant appeals only from the portion of the decree

which provided that the proceeds of the sale of the marital home be awarded to the wife. There was no appeal from that part of the decree granting the divorce or awarding the jointly owned 1968 Volvo to the defendant.

The sole allegation in the complaint bearing on the question before us is:

"5. That the parties hereto are purchasing a home located at 5111 Charles Street, Rockford, Illinois, which plaintiff asks be awarded to her as her separate property as well as the household goods, furniture and fixtures which plaintiff also asks be awarded to her as her separate property."

The prayer of the complaint asks that this property be awarded as the wife's separate property.

The parties were married in December, 1970, and the marital home was purchased in October of 1971 with title being taken in joint tenancy. During the pendency of the proceedings the home was sold, and pursuant to a stipulation of the parties the net proceeds amounting to $3,482.36 were held in escrow pending disposition of the litigation. The divorce decree was entered on February 1, 1973. In the decree for divorce the court finds that the home was sold and that the proceeds should be awarded to the plaintiff as her separate property, and in a subsequent paragraph finds that the parties have expressly waived the right to receive alimony each from the other.

In the hearing held prior to the entry of the decree for divorce, the plaintiff was permitted, over defendant's objection, to testify to the nature and extent of her contribution toward the purchase of the home. It appears from the testimony that an initial payment of approximately $5,000 was made in order to purchase the home, the parties having assumed the previous mortgage. Of this amount plaintiff contributed approximately $3,700 of her own money. The remainder of the $5,000 was obtained by an additional loan procured when the parties refinanced an automobile that was jointly owned by them. After the home was purchased and until April of 1972, the defendant made the mortgage payments, amounting to $253 a month, and the plaintiff made the car payments. After the separation in April of 1972, the defendant made all of the remaining car payments as well as the remaining mortgage payments in the months of August, September and October of 1972. The house was sold in December of 1972, and the defaulted November payment was subtracted from the proceeds of the sale.

Defendant contends that it was improper for the trial court to declare that the proceeds from the sale of the joint tenancy real estate be awarded to the plaintiff absent any allegation in her complaint of special equities

in the property. He further contends that the record is devoid of any evidence of special equities. Defendant also argues that, to the extent plaintiff's contribution to the purchase of the home exceeded defendant's contribution, the plaintiff failed to overcome the presumption of a gift in the amount of one-half of the excess.

The plaintiff contends that the award of the proceeds of the sale of the home was in lieu of alimony and that therefore evidence of special equities was unnecessary under section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19).

The trial judge has not stated or otherwise indicated in the record or in the decree the basis upon which he reached his conclusion but from our reading of the record of the divorce hearing, it would appear that the court was inquiring into the equities by his concern with the respective contributions made by the parties during the course of the marriage.

■■ The court may, of course, compel a conveyance of marital property upon equitable terms, but such relief can be obtained only in accordance with the allegations of special equities in the complaint and when sustained by the proof. (*Cross v. Cross* (1954), 2 Ill.2d 104, 108, 109.) See also *Cross v. Cross* (1955), 5 Ill.2d 456, 466; *Ylonen v. Ylonen* (1954), 2 Ill.2d 111, 117-118; *Lawyer v. Lawyer* (1974), 19 Ill.App.3d 571, 574.) In the present case, the plaintiff failed to allege special equities in her complaint, which even if proved, would justify the court's award of all of the proceeds to the wife.

■■ As noted above, the defendant also contends that when property is taken in joint tenancy by husband and wife there is a presumption of gift from the one furnishing the consideration to the other. While this is the general rule (see *Lawyer v. Lawyer* (1974), 19 Ill.App.3d 571 and *Johnson v. Johnson* (1973), 11 Ill.App.3d 681), it is subject to the provisions of the Divorce Act governing the division and transfer of marital property and the award of property in lieu of alimony as provided by sections 17 and 18 thereof.

■■ The plaintiff, however, does not argue that the award of the proceeds in the trial court's decree was an equitable distribution pursuant to section 17 of the Divorce Act but argues that the court's award was made in lieu of alimony under section 18. In support of this contention plaintiff has directed our attention to the cases of *Mills v. Mills* (1973), 13 Ill.App.3d 288, and *Hesley v. Hesley* (1973), 13 Ill.App.3d 766. Neither case, however, is helpful to the plaintiff here. *Mills* is authority for the conceded rule that special equities and circumstances need not be alleged or shown where the court is ordering a transfer of property in lieu of alimony under section 18 of the Divorce Act. This proposition

is not in dispute. *Hesley* is authority for the rule that the reviewing court will not substitute its judgment for that of the trial court on the question of an award of alimony absent any showing of abuse of discretion. But the trial court does not have discretion to award alimony in gross absent a showing that the party is entitled to alimony and that periodic payments are not feasible or practical. (*Harding v. Harding* (1974), 18 Ill.App.3d 550, 552-553.) The record before us is void of any evidence relating to the needs of the wife or the financial ability of the husband, and there is no showing of a right to alimony in any form.

■■■ Section 18 of the Divorce Act prohibits the trial judge from adding a provision for payment of alimony after a decree barring alimony has been entered. Unless, therefore, we construe the allowance of the house funds in total to the wife, as alimony in gross or an award in lieu of alimony, and the provision barring alimony as referring only to periodic alimony, an award of alimony is completely barred by the decree. In view of the short duration of the marriage and the fact that the wife is young, childless and employed, we cannot assume that alimony in any form was intended by the court, nor would such an award be proper absent a showing of the wife's need for it. Moreover, the form of the decree, including the provision barring alimony by either spouse, was stipulated to, and it would be unfair to designate the award of the house proceeds, which was the only thing objected to by the defendant and excepted from the stipulation, as a form of alimony, after the decree had been entered barring alimony.

As noted above, testimony was allowed tending to establish special equities in the wife, entitling her to the proceeds of the house sale, but such equities were not pleaded in the complaint for divorce, as required under the cases where an award of property is made under section 17 of the Divorce Act (*Katz v. Katz* (1973), 10 Ill.App.3d 39; *Hancox v. Hancox* (1964), 54 Ill.App.2d 476). While pleadings may be amended on motion before the trial court at any time before final judgment as provided in the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46), no such motion was made here and the question of special equities is not raised by the plaintiff in this appeal. We have, then, a situation where the court's decree awards the wife the entire proceeds of the house sale without an indication either that this is intended as alimony in gross or in lieu of alimony, or that it is based on the special circumstance that the wife contributed more to the down payment on the house than the net proceeds amounted to and several times as much as the husband, overall. Thus there are no findings by the court on which to base the portion of the decree appealed from, either as to an amount of alimony

in gross or an amount in lieu of alimony, or an amount based on special equities in the wife arising from her much greater contribution.

■■ On this state of the record we are unable to conclude that relief is justified under either section 17 or section 18 of the Divorce Act. We therefore reverse the portion of the judgment from which appeal has been taken, with directions to the trial court to take evidence and to make appropriate findings based thereon as to the wife's entitlement either to an award in lieu of alimony and the amount thereof, or as to the amount of the share of the house sale proceeds due her arising from special equities, provided special equities are pleaded on motion to amend the pleadings and allowed by the trial court.

The judgment of the circuit court of Winnebago County is reversed and the case remanded with directions.

Reversed and remanded with directions.

T. MORAN, P. J., concurs.

SEIDENFELD, J., specially concurring:

The majority reverses the judgment below and remands the case for a new trial, and in this I generally concur. My disagreement is with the direction to hear evidence either under section 17 or under section 18 of the Divorce Act. The majority opinion gives the trial court on remand the broadest range of approaches to reach a just result. But it appears to me that an inquiry now into special equities under section 17 of the Divorce Act has been foreclosed.

Plaintiff has neither alleged nor sought to prove any special equities in the property involved either in the trial court or in this court. She has conceded here that she seeks to sustain the trial court's decree solely as an award in lieu of alimony under section 18 of the Divorce Act. On this state of the record, in my opinion, the cause should be remanded only for further hearing under section 18.