NICHOLAS J. CHIREKOS, Plaintiff-Appellee, *v.* PAULINE T. CHIREKOS, Defendant-Appellant.

(No. 74-126;

Third District—November 14, 1975.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Stuart R. Lefstein, of counsel), for appellant.

Coryn and Walker and Peter H. Lousberg, both of Rock Island (Douglas R. Walker, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Nicholas J. Chirekos, sued for divorce from his wife, Pauline T. Chirekos, in the Circuit Court of Rock Island County, Illinois. In both his original and supplemental complaints he asked the court for an adjustment of the equities between the parties in regard to property held in their individual and joint names. Although the defendant counterclaimed for a divorce, a decree of divorce was entered in favor of the plaintiff. The court held a hearing on the questions of alimony, property rights, custody, visitation, attorneys' fees and costs. Pursuant to stipulation, plaintiff's Exhibit No. 4, a statement of the property holdings of plaintiff was admitted into evidence. Paragraph 9 of that exhibit set out the real estate holdings of the parties which were held in joint tenancy and located in Arizona. On October 17, 1973, the circuit court entered an order dealing with the Arizona joint tenancy property. In essence that order imposed equitable liens in favor of plaintiff on the Arizona property held in joint tenancy by the parties for the amounts plaintiff had paid or become personally obliged to pay for the purchase of the property. Defendant then filed a post-trial motion which sought to strike the equitable liens in favor of plaintiff. Defendant alleged that because the property was situated in Arizona: one, Arizona law should be applied; two, Arizona law would not permit the imposition of the equitable liens in this case; three, title to the properties and the imposition of liens against Arizona property is a subject peculiarly within the jurisdiction of Arizona courts and beyond the jurisdictional power of the Illinois courts. The circuit court denied defendant's post-trial motion and from that denial she appeals.

The defendant raises one general issue for review. She contends it was error for the circuit court to grant plaintiff equitable liens on real property jointly held by the parties to this divorce action and located in Arizona. Specifically defendant argues that the trial court had no jurisdiction to impose the equitable liens on the Arizona property. The precedent that Illinois courts are without jurisdiction to directly affect title to real property located in a sister State is self-evident and an established conflicts of law rule. However, such a rule is not applicable to the instant case.

The order of the trial court decreeing the equitable liens on Arizona property provides in paragraphs 7 through 9:

"7. That the Plaintiff shall be given an equitable lien for $24,000.00 plus the bank interest charged thereon at the rate of 7½% per annum from June 30, 1970, on the following described premises:

Lot 1217 of the Tucson National Estates West, a Subdivision of Pima County, Arizona, according to the Map or Plat thereof, of record in the Office of the County Recorder of Pima County, Arizona, in Book 20 of Maps and Plats at Page 20 thereof.

8. The Plaintiff be and is hereby given an equitable lien in the amount of $106,610.04 against the parties' interest in the following described premises and against any and all beneficial interests they may now or hereafter have, hold or be entitled to in Trust No. 6966-T, Lawyers Title of Arizona, Tucson, Arizona, its successors or assigns, the record title holder under said Trust:

*Parcel No. 1:*

Lots 541 to 618, both inclusive, as CASAS ADOBES ESTATES, Pima County, Arizona, according to the plat thereof, of record in the Office of the County Recorder of Pima County, Arizona, in Book 17 of Maps and Plats at page 77.

*Parcel No. 2:*

Lots 619 to 649, both inclusive, of CASAS ADOBES ESTATES, Pima County, Arizona, according to the plat thereof, of record in the Office of the County Recorder of Pima County, Arizona, in Book 17 of Maps and Plats at page 96;

which lien is granted for the amount of payments and obligations incurred by the plaintiff for or on the purchase of said premises.

Further, the parties hereto shall respectively be given equitable liens in amounts equal to any payments hereafter individually made by them with respect to payments for or on said above described premises, and for interest on money heretofore borrowed, used to make payments to date.

9. The Plaintiff be and is hereby given an equitable lien in the amount of $44,341.98 against the parties' interest in the following described premises and against any and all beneficial interests they may now or hereafter have, hold or be entitled to in Trust No. 6965-T, Lawyers Title of Arizona, Tucson, Arizona, its successors or assigns, the record title holder under said Trust:

Lots 3 and 4 and the Northeast Quarter of the Southwest Quarter of Section 33, Township 12 South of Range 13 East, Gila and Salt River Base and Meridian, Pima County, Arizona;

EXCEPT the South 360 feet of Lot 4; AND FURTHER EX-
CEPT any part within Shannon Drive and Ina Road;
which lien is granted for the amount of payments and obligations
incurred by the Plaintiff for or on the purchase of said premises.

Further, the parties hereto shall respectively be given equitable
liens in amounts equal to any payments hereafter individually
made by them with respect to payments for or on said above de-
scribed premises, and for interest on money heretofore borrowed,
used to make payments to date."

■■ That order was in response to the plaintiff's petition for an adjust-
ment of the equities between the two parties in regard to their property.
The order in no way directly affected the title to the jointly held prop-
erty. Both plaintiff and defendant were personally before the trial court
and submitted to its jurisdiction. Having such *in personam* jurisdiction
the court could properly settle matters incident to the divorce (Ill. Rev.
Stat., ch. 40, §§ 18, 19) which is exactly what the court ordered on Oc-
tober 17, 1973. When the trial court properly has *in personam* jurisdic-
tion over the parties it can indirectly deal with real estate in another
jurisdiction by adjudicating the rights and interests of those parties in
the land. There is no merit in defendant's argument that the Illinois
decree directly affected title to Arizona property. "Although the gen-
eral rule is that a court must have jurisdiction over land to affect its
rights, this is not always true in those cases where the court has in per-
sonam jurisdiction and the equitable powers of the court are invoked."
(*In re Estate of Hansen*, 109 Ill.App.2d 283, 291-92, 248 N.E.2d 709, 713
(1969).) An Illinois trial court may indirectly affect real property lo-
cated outside its jurisdiction by compelling those persons subject to the
court's jurisdiction to do some act in relation to the property in accor-
dance with the laws of the State where the property is situated. *Oakman
v. Small*, 282 Ill. 360, 118 N.E. 775 (1918).

■■■ The cases cited by the defendant to support her theory that the
imposition of an equitable lien is in essence an *in rem* adjudication are
distinguishable. In each cited case the situation involved an actual mod-
ification or clarification of title to real property reflecting a change in
ownership. The order that defendant questions in this appeal did not in
anyway determine the ownership of the Arizona properties. That order
left the joint tenancy ownership in plaintiff and defendant unaltered.
Essentially an equitable lien is not a *jus ad rem* but is merely a remedy
for a debt. It exists wholly independent of the thing to which it is at-
tached and does not divest the debtor of either title or possession. An
equitable lien is simply a charge on property for the purpose of security.
(*Watson v. Hobson*, 401 Ill. 191, 81 N.E.2d 885, 7 A.L.R.2d 1156 (1948).)

It is not an estate or property in the real estate itself or a right to recover the property and is not a right which may be the basis of a possessory action. (*Oppenheimer v. Szulerecki,* 297 Ill. 81, 130 N.E. 325 (1929).) In our opinion an equitable lien does not so thoroughly affect the real property to which it is attached in the present case as to make its imposition *in rem* in character. Therefore the trial court had the proper *in personam* jurisdiction to grant these equitable liens in equitably dividing the property of plaintiff and defendant incident to their divorce.

The equitable liens imposed here were just one portion of the distribution of the entirety of the parties' assets. The court decreed the equitable liens on the Arizona property for a sum certain to which it felt plaintiff was equitably entitled. This was used as a device to secure that sum certain and to guarantee its payment. These liens were "granted for the amount of payments and obligations incurred by the plaintiff for or on the purchase of" the Arizona properties. In addition the decree further provides that "the parties hereto shall respectively be given equitable liens in amounts equal to any payments hereafter [the divorce] individually made by them with respect to payments for or on [the subject] premises, and for interest on money heretofore borrowed, used to make payments to date." The equitable liens involved in this appeal were an attempt by the trial court to act on the parties so as to make all the various distributions of the entire court ordered marital property settlement fair and equitable. The decree leaves the parties in the same position as they occupied before their divorce by granting equitable liens in the amount of their contributions made during their marriage toward the purchase of the Arizona properties and further protects either party to the extent of their future contributions.

Defendant's appeal resembles an attack on the propriety of the trial court's equitable division of their money and other marital property. That issue has not been raised by this appeal. The error claim on appeal is the trial court's lack of jurisdiction and we accordingly conclude that the trial court had jurisdiction.

■■ Defendant's next contention is that even if the trial court had the jurisdiction to impose equitable liens on Arizona property then *only* Arizona law should apply and under applicable Arizona law the joint tenancy real property must be *equally* divided between the parties. Because we have concluded that the Illinois court had proper *in personam* jurisdiction of both parties and of the marriage relationship they sought to dissolve, the court could equitably divide their joint tenancy property pursuant to Illinois law even though a portion of this property division concerned Arizona real property. The Illinois courts have a significant interest in the complete resolution of this divorce proceeding concerning

Illinois residents and an Illinois marriage. Alternatively even if the trial court had concluded that the law of the situs of the particular real property was controlling and had the most significant contact with the cause of action and had applied Arizona law, the outcome would not have been altered.

Defendant asserts most strenuously that if Arizona law had been applied an unequal division of marital property would not have been allowed. Arizona is a community property State. Under current Arizona law, an unequal distribution of joint tenancy marital property is allowable. The most recent Arizona Supreme Court decision, *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973), is cited by defendant for the proposition that the statutory changes (1962) in Arizona divorce law would not give a court the power to divide as it saw fit joint tenancy property of the parties to the divorce. In *Becchelli* the court based its opinion upon Ariz. Rev. Stat. Ann. § 25—318 (1962 amendment) which has since been repealed and reenacted as part of the new Arizona no-fault divorce provisions. The new revised section 25—318 provides for a division of community, joint tenancy and other marital property held in common equitably. Therefore, the decree of the trial court in the instant case would be the same under either Illinois or Arizona law.

Finally defendant argues that under both the laws of Illinois and Arizona whenever one spouse purchases real property and takes title in joint tenancy with the other spouse, there is a presumption of a gift of one half of the realty to the other spouse. The Arizona cases of *Blaine v. Blaine*, 63 Ariz. 100, 159 P.2d 786 (1945), *Collier v. Collier*, 73 Ariz. 405, 242 P.2d 537 (1952), and *Becchelli v. Becchelli* are distinguishable. In all three cited cases the court was requested to establish complete ownership in the contributing spouse and to completely divest the noncontributing spouse of her joint interest. In the case at bar the trial court did not propose such an extreme result but merely allowed plaintiff equitable liens for the amount he contributed while leaving the parties joint ownership unchanged.

■■ Similarly the defendant proposes two Illinois cases to stand for the holding that the purchase of property by one spouse with title in joint tenancy implies a gift of one-half to the other spouse. In the recent case of *Lawyer v. Lawyer*, 19 Ill.App.3d 571, 312 N.E.2d 7 (1974), the Second District Appellate Court held the mere fact that the husband made all payments on the home including taxes and interest was insufficient to support a determination that the husband was the equitable owner of the interest of the wife in the marital home. Consequently the court's award of the property to the husband was reversed. In a similar case of *Larocco v. Larocco*, 10 Ill.App.3d 366, 293 N.E.2d 756 (1973),

the court held that the presumption of a gift in such a situation can only be overcome by clear, convincing and unmistakable evidence that no gift was intended. However in both these Illinois cases the court was faced with an actual award of the wife's joint interest to the husband and not with an equitable lien on the amount he had contributed toward the purchase. The practical dollar difference between an actual award or compelled conveyance by the wife to the husband of her joint interest and the imposition of equitable liens on the amount contributed by the husband toward the purchase of the real property is clearly apparent in the instant case. Also in the cases cited to us by the defendant, the properties exclusively involved the marital home. In the present case all the real property involved was speculative development property. The Arizona property was purchased by the parties as an investment with a view toward its eventual sale at a profit. With this in mind and the fact that most of the purchase money was borrowed by plaintiff personally, the reasonable inference is that if plaintiff gave his wife a one-half joint interest in this property by establishing the joint tenancy, it is a joint interest in the equity thereof, and her share should be limited to one-half of the net proceeds of its sale, after the loans of plaintiff had been repaid.

It appears the trial court in its decree of October 17, 1973, divided the parties' property subsequent to their divorce in an equitable and equal manner. With as many property interests as involved here exact equality cannot always be achieved. When the entire division of all the marital property of plaintiff and defendant is considered the settlement requested by the parties and imposed by the trial court is both fair and equitable and was without error. By reason of our holdings here we find no merit in considering other arguments of the parties. For the foregoing reasons the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.