TRUDI H. KEYE, Plaintiff-Appellee, v. GARY D. KEYE, Defendant-Appellant.

Second District   No. 77-304

Opinion filed July 3, 1978.

Donald R. Hellyer, of Loves Park, for appellant.

Frederick Kalivoda, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The husband appeals from the decree of the circuit court of Winnebago County dated May 16, 1977, which granted a divorce to the wife and made findings of fact on the basis of which the court made certain

dispositions of the couple's property. The husband states the sole issue in this appeal as being:

"* * *[W]hether or not the Court err'd in finding special interest in the Defendant's [husband's] property in favor of the Plaintiff when no such pleadings existed."

The parties were married in 1962. Two children, age 11 and 6 at the time of the divorce, were born of the marriage. The complaint for divorce filed by the wife in April 1976 alleged mental cruelty. It did not allege any special equities existed in the wife's favor as to any property to which the husband held title, but prayed that the court "make an equitable distribution of the parties' real and personal property and that the plaintiff have such other relief as the court deems proper."

At the trial, the uncontradicted evidence established that the marital home in Rockford was owned in joint tenancy and that the husband had borrowed and used in certain business ventures, arising out of a partnership between him and another man, the sum of $70,000 which was solely the wife's property by virtue of a trust which had been established for her by her grandparents, before her marriage, and of which she was the sole beneficiary. The couple also owned other real estate, which was in joint tenancy.

In its decree, the trial court made distribution of the property of the parties, taking into account the $70,000 which the evidence showed the husband owed the wife, as follows:

| Property | Value | Husband's share awarded to wife |
|---|---|---|
| Marital home | 67,771.00 | 33,885.00 |
| Partnership | 10,000.00 | 5,000.00 |
| Household furniture | 5,000.00 | 2,500.00 |
| Husband's interest in a certain real estate trust | 57,000.00 | ——— |
| Balance of $70,000 which was made a lien on husband's share of a separate real estate trust | ——— | 28,615.00 |
| | | $70,000.00 |

The husband appeals the trial court's allocation of the property as set forth above, contending that the award to the wife of $70,000 out of the husband's share of the other marital property was reversible error because it amounted to a finding of special equities in favor of the wife,

whereas special equities had not been pleaded by the wife in her complaint.

The wife has not filed a brief but has filed a motion to be allowed to amend her pleadings in this court to allege special equities in accordance with the uncontradicted testimony adduced at trial. Since the only issue posed by the husband in this appeal is that the trial court erroneously found special equities in the wife's favor, when special equities had not been alleged in the complaint, the granting of the motion to amend the complaint in conformance with the proof at trial would automatically dispose of the only issue on appeal in the wife's favor.

However, we think it is unnecessary for us to consider the wife's motion. In the first place, we do not agree with the husband's contention that the trial judge erred in impressing a lien on certain property of the husband to compensate the wife for his appropriation of $70,000 of her trust fund. The husband argues that the court recognized special equities which had not been pleaded, contrary to certain Illinois cases construing section 17 of the former Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18). (See, for example, *McCarrel v. McCarrel* (1977), 48 Ill. App. 3d 666, and *Lawyer v. Lawyer* (1974), 19 Ill. App. 3d 571.) However, we do not agree that the court's award of certain of the husband's assets to the wife amounted to a recognition of special equities in the wife's favor in this case. Rather we see it as only a recognition by the court of a special interest in the form of an equitable lien by the wife to recoup the loss from her individual trust funds which her husband had used for his own business purposes. There is no indication in any of the testimony or any of the pleadings that there was ever any question as to the ownership of the trust funds—they were never marital assets—that is, common property—so that it was not necessary for the wife to prove "special equities" in such property. She had more than an equity—she was the entire beneficial owner. The award to her from the husband's share of the other marital assets was therefor merely doing equity as between the parties. It was not a case where one party had the title and the other party had an equity in the property, but rather a case where the husband owed the wife for what he had appropriated from her.

We see no issue of special equities in this case and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

GUILD and WOODWARD, JJ., concur.