Dohoney, J.
The plaintiff brought suit to recover for nursing home services to Ann Borah in the undisputed amount of $9,479:11. The dispute in this case is the liability of the defendant for the claim.
Ann Borah was readmitted to plaintiffs facility on January 26, 1987. She was accompanied by the defendant, Mary Jean Healy, who is her nephew’s wife. Various admission documents were presented and executed as follows:
1. Admission Agreement. This document states the plaintiffs and “Mary Jean Healy for Ann Borah hereby agree to the following financial terms. . .” This document contains no area for signature.
2. Financial Agreement. This document states that “The patient or responsible party agrees to pay. . .monthly. . .$85.00/day. . .” On a line over the words “signature of Patient or Responsible Party” the defendant signed “Mary Jean Healy.”
3. Authorization for Medical Treatment. This document states “I Mary Jean Healy for Ann Borah hereby authorize. . .” It is signed “Mary Jean Healy.”
4. Consent Form. This document states “I Mary Jean Healy for Ann Borah give my consent. . .” It is signed “Mary Jean Healy.”
5. Pharmacy Designation. This document states that it is between the plaintiff and “Ann Borah” and is signed “Mary Jean Healy.”
All of the documents were executed by the plaintiff on January 26,1987, and by the defendant on February 14,1987. All of the charges for Ann Borah were thereafter paid by “Edward P. Healy, Trustee for Ann Borah” except for the charges for the month of April which were paid by the defendant. Payments ceased in October of 1987 and this suit is for services thereafter.
The plaintiff filed a Motion for Summary Judgment. The defendant opposed the Motion. The Trial Justice allowed the Motion and thus found for the plaintiff. The Trial Justice felt there was no evidence of fraud, duress, or mutual mistake and that defendant’s uncommunicated belief that she was not personally liable did not afford a basis for relief.
In acting on a Motion for Summary Judgment, the function of the Trial Justice is to determine if there is some genuine issue of material fact. M. R. C. P., Rule 56(c). Cefalu v. Globe Newspaper Co., 8 Mass. App. Ct. 71 (1979).
*191 The defendant in essence contends that there is a genuine issue of material fact because (1) there is an ambiguity in the agreement as to the meaning of “responsible party,” and (2) the defendant’s intention to not be personally bound could avoid liability. We feel the Trial Justice was correct.
In construing the terms of the agreement, we read the term “responsible party” as it would be understood by ordinary persons and give it the usual and accepted meaning. See McHugh v. New England Life Ins. Co., 317 Mass. 498 (1945); Steebe v. Board of Appeals of Stow, 26 Mass. App. Ct. 970 (1988). With this as a standard, the agreement is clear. The Financial Agreement states that the responsible party agrees to pay certain specified daily sums. The defendant signed her own name on a line indicating the signature- of the “responsible party.” It is clear that the responsible party is the one who is going to pay.
The defendant also contends that she did not believe that she would be personally liable and this belief obviates her liability. The defendant relies primarily on RESTATEMENT (SECOND) CONTRACTS, Section 153. For the purpose of a Motion for Summary Judgment, we assume that defendant did not intend to be personally liable. However, in Massachusetts, a mistake as to law is not sufficient to prevent liability. See Scirpo v. McMillan, 355 Mass 657, 660 (1969) wherein the court stated:
The mistake of law by one party to the contract was not a ground for avoiding it. John J. Bowes Co. v. Milton, 255 Mass. 228, 233-234. See Eno v. Prime Mfg. Co. 317 Mass. 646, 650-651, and cases cited; Cohen v. Santoianni, 330 Mass. 187, 193; Century Plastic Corp. v. Tupper Corp. 333 Mass. 531, 533-534.
See also, Onian v. Leggett, 2 Mass. App. Ct. 623, 627 (1974) where an executor was held personally responsible even when he signed as “Execr” and even though he felt he had no personal liability. The Court said:
The fact that the defendant is identified in the opening clause of the agreement as ‘Executor u/w/o/ L. Fráncis F. Knowles’ .and that his signature is followed by the abbreviation‘Execr.’ is insufficient to protect him against personal liability. Reilly v. Whiting, supra. Marsh v. Drowne, 1 Mass. App. Ct. 777, 780 (1974). Nor is it of any consequence that the defendant may have understood the agreement as affording him such protection, especially where; as here, he was its draftsman. No such mistake of law on the defendant’s part can free him from liability. Scirpo v. McMillan, 355 Mass. 657, 660 (1969). Rather, his liability is governed by ‘[t]he general rule. . .that.. .one who signs a written agreement is bound by its terms whether he reads and understands it or not.. .’ Spritz v. Lishner, 355 Mass. 162, 164 (1969).
Also in Finn v. McNeil, 23 Mass. App. Ct. 367, 373 (1987) the Court felt the words “capital improvements” were a “workaday phrase in the judicial vocabulary” and that the failure of a party to understand these words would not absolve him of liability. The Court stated:
That the parties disagreed as to what constituted capital improvements is of no consequence. A mistake of law by a party to a contract is not a ground for avoiding it. Scirpo v. McMillan, 355 Mass. 657, 660 (1969), and cases cited.
Lastly, in First Safety Fund National Bank v. Friel, 23 Mass. App. Ct. 583, 588 (1987) an individual signed a note twice. The first signature was admittedly as a corporate office. The second signature was disputed. The holder felt that it bound the defendant individually. The Court said:
*192 Mrs. Friel may have been mistaken as to the consequences of her second signatures but the mistake of one party to the transaction is not sufficient to invoke the principle of mutual mistake; the mistake must be shared by both parties. Century Plastic Corp. v. Tupper Corp., 333 Mass. 531, 534 (1956). Berman v. Sandler, 379 Mass. 506, 509-510 (1980). LaFleur v. CC. Pierce Co., 398 Mass. 254, 258 (1986) See Maloney v. Sargisson, 18 Mass App. Ct. 341, 345-346 (1984): RESTATEMENT (SECOND) OF CONTRACTS §152 (1979). Contrast Dover Pool & Racquet Club, Inc. v. Brooking, 366 Mass. 629, 633-634 (1975). There are limited circumstances in which a party may avoid a contract on the basis of a unilateral mistake: ‘if he does not bear the risk of mistake. .., and (a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or (b) the other party had reason to know of the mistake or his fault caused the mistake.’ RESTATEMENT (SECOND) OF CONTRACTS §153. See Covich v. Chambers, 8 Mass. App. Ct. 740, 749-750 and n. 13 (1979)’. A Contract is unconscionable if ‘the sum total of its provisions drives too hard a bargain for a court of conscience to assist.’ RESTATEMENT (SECOND) OF CONTRACTS §208, comment b. Covich v. Chambers, supra, n. 13. Campbell Soup Co. v. Wentz, 172 F. 2d 80, 84 (3d Cir. 1948). As we have seen, a note of a close corporation endorsed by a principal officer is a commercial commonplace, hence scarcely unconscionable. The record does not suggest that the bank knew or had reason to know about Mrs. Friel’s ignorance of the consequences of her second signature. Section 3-402 of the Uniform Commercial Code, discussed above, places the risk of mistake on the signer of an instrument. See RESTATEMENT (SECOND) OF CONTRACTS, §154. See also Allen v. Plymouth, 313 Mass. 356, 362-363 (1943), statingthe general rule that relief is not granted for a mistake about what the law is if a person is ignorant of the law or mistaken about what it prescribes.
Similarly, asking someone to be responsible for the normal charges for nursing home care is not unconscionable. See also Guiness Import Co. v. DeStefano, 25 Mass. App. Ct. 366 (1988). Further app. rev. den., 402 Mass. 1101
The signing of a document in one’s own name in the lower right hand corner has come to have significance in trade and commerce It would be a severe blow to normal business dealings if parties could evade responsibility by undisclosed intentions. A party who signs an agreement should bear the responsibility of coming forward with any intentions not consistent with the general understanding of obligation.
Therefore, by signing her name as a “responsible party” and not disclosing any other intention, the defendant became personally bound.
The Report is thus dismissed.